**In re Reuben Lynn HILDE, Jr. and Maureen McDowell Hilde, Debtors.**

**Patricia J. ZIMMERMANN, Chapter 7 Trustee, Appellant,**

v.

**SOUTHERN CALIFORNIA BANK, Appellee.**

BAP No. CC–95–1185–OMeJ.

Bankruptcy No. SB–93–15887–DN.

Adv. No. SB–94–02747–DN.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted July 19, 1995.

Decided Nov. 29, 1995.

Robert L. Goodrich, San Bernardino, CA, for Appellant.

Judith Ilene Bloom, Leslie R. Horowitz, Los Angeles, CA, for Appellee.

Before OLLASON, MEYERS and JONES, Bankruptcy Judges.

## OPINION

OLLASON, Bankruptcy Judge:

### OVERVIEW

The Chapter 7[1] trustee ("the trustee") has appealed summary judgment in favor of Southern California Bank ("the bank"). The bank had obtained a temporary lien on the personal property of Reuben and Maureen Hilde ("the debtors") by serving subpoenas upon them to attend judgment debtors' examinations. *See* Cal.Civ.Proc.Code § 708.110 (West 1987 & Supp.1995), described below. The trustee argued that the bank failed to take steps to perfect its lien by obtaining a further court order upon examination, which would apply the property to satisfy the debt. Nevertheless, the bankruptcy court held that the bank's lien was superior to the trustee's rights in bankruptcy as a hypothetical lien creditor. WE REVERSE.

### STATEMENT OF FACTS

In 1992, the bank brought a civil action in the Los Angeles County Superior Court against the debtors to collect on an unpaid promissory note. Judgment was entered against both debtors for $208,001.65 plus interest, costs and attorneys fees, on August 28, 1992.[2]

On October 28, 1992, the bank caused to have issued Orders to Appear for Examination ("ORAP") against the debtors. The purpose of the ORAP was to conduct a judgment debtor's examination pursuant to Cal.Civ. Proc.Code § 708.110 (West 1987 & Supp. 1995). Subsection (d) provides that service of the order creates a lien on the personal property of the judgment debtor for a period of one year from the date of the order, unless extended or sooner terminated by the court.

---

1. Unless otherwise indicated, all references to "chapter" or "section" are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330. All references to "rule" are to the Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr.P."), Rules 1001–9036.

2. The bank requests that we take judicial notice of a Notice of Judgment lien it filed with the Office of the Secretary of State on October 29, 1992. *In re Marquam Inv. Corp.*, 942 F.2d 1462, 1467 (9th Cir.1991) (appellate court is empowered to take judicial notice of facts "capable of accurate and ready determination by resort[ing]

to sources whose accuracy cannot reasonably be questioned"); Fed.R.Evid. 201. It also asks that we consider the legal significance of this filing in this appeal. Whether the bank had a perfected lien in some or all of the debtors' personal property by virtue of the judgment lien raises questions of fact and law that were not presented below and are not relevant to our determination of this appeal. Therefore, we decline to take judicial notice or to consider this issue. *In re Wind Power Systems, Inc.*, 841 F.2d 288, 290 n. 1 (9th Cir.1988).

The debtors were served with the examination orders on November 14 and December 10, 1992. The bank alleges that the examinations took place in December; the trustee disagrees. In any event, it was undisputed that a court order was not issued at the conclusion of the examinations.

The debtors filed a Chapter 11 bankruptcy petition on April 22, 1993. Therefore, the lien was created outside the 90–day preference period but within the one-year duration period.[3] The case was converted to one under Chapter 7 on February 22, 1994. In the course of case administration and with court approval, the trustee sold some personal property of the estate consisting of stock in the debtors' corporation and a partnership interest.[4] The bank demanded to no avail that it be paid the sales price as a result of its lien.

The bank filed an adversary proceeding against the trustee for declaratory relief. In November of 1994, the bank filed a motion for summary judgment, asserting that it had a first priority security interest in all of the estate's personal property by virtue of the lien created by service of the ORAPs upon the debtors. The trustee opposed the motion and filed a cross motion which asserted that the lien was not perfected. The trustee additionally argued that the bank had not perfected its interest in the debtors' stock by levying pursuant to the California Commercial Code.[5]

The bankruptcy court granted the bank's motion on January 12, 1995. The court analogized the priority of the ORAP lien to that of an attachment lien, as interpreted by the Ninth Circuit Court of Appeals in *In re Wind Power Systems, Inc.*, 841 F.2d 288 (9th Cir.

1988). It also compared the ORAP lien to Illinois' citation lien, which has been held to take priority over a bankruptcy trustee's rights. The court thereafter signed Findings of Fact and Conclusions of Law on February 6, 1995. The court entered an order on February 2, 1995 and entered a judgment on the same day. Both the order and judgment on the motion stated that the bank's motion was granted and Trustee's cross motion was denied. The trustee timely appealed the order.

## ISSUE

Whether, by service of the ORAP upon the debtors, the bank obtained a judicial lien on the debtors' nonexempt personal property that took priority over the trustee's rights as a hypothetical lien creditor.

## STANDARD OF REVIEW

Summary judgments are reviewed *de novo*, *In re Bullion Reserve of North America*, 922 F.2d 544, 546 (9th Cir.1991), as are the bankruptcy court's conclusions of law. *In re Britton*, 950 F.2d 602, 604 (9th Cir. 1991). The task of the appellate court is the same as a trial court under Fed.R.Civ.P. 56. *Hifai v. Shell Oil Co.*, 704 F.2d 1425, 1428 (9th Cir.1983). A motion for summary judgment should be granted if the movant has shown that there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed. R.Bankr.P. 7056/Fed.R.Civ.P. 56(c). Summary judgment is reviewed in the light most favorable to the nonmoving party. *Hifai*, 704 F.2d at 1428.

---

**3.** The Ninth Circuit has recognized that § 108(c) would toll the duration period for an enforceable lien during bankruptcy. *In re Hunters Run Ltd. Partnership*, 875 F.2d 1425, 1429 (9th Cir.1989). If the ORAP lien was perfected, then its duration time would have been tolled by § 108(c), whereas if the ORAP lien were not perfected section 108(c) would not apply, and the one-year lien would have terminated unless it were extended. *Id.* at 1428. The facts concerning the examinations and any lien extension are not set forth, however, and the parties do not make the lien's termination an issue. To the contrary, the trustee concedes that the bank has an unperfected lien subject to avoidance on that basis. We

decline to raise the issue of lien termination *sua sponte*.

**4.** The trustee has raised an issue that the bank failed to properly obtain a charging order to execute upon the debtors' partnership interest pursuant to Cal.Civ.Proc.Code § 708.320 (West 1987). There are no facts provided concerning the asset. For this reason, and because of our decision in this case, we decline to address this alternate issue.

**5.** Based on our decision, we do not reach this issue.

780

Questions of statutory construction are reviewed *de novo*. *In re Orvco, Inc.*, 95 B.R. 724, 726 (9th Cir.BAP 1989).

## DISCUSSION

### *Jurisdiction*

The bank initially raised the argument that this appeal is moot because of a deficient notice of appeal. Specifically, the trustee appealed from the order instead of the judgment. The order and the judgment on the motion were entered the same day, February 2, 1995, and provided the same relief, *i.e.*, summary judgment for the bank and denial of the trustee's cross motion for summary judgment. Both were final and appealable orders. *In re Slimick*, 928 F.2d 304, 307 (9th Cir.1990). This appeal stands.

### *Section 544*

Section 544 of the Bankruptcy Code governs the "strong arm" power of the trustee or debtor in possession to avoid security interests in estate assets. *In re Wind Power Systems, Inc.*, 841 F.2d 288, 292 (9th Cir. 1988). The trustee stands in the shoes of a "hypothetical lien creditor whose lien arose on the day the bankruptcy petition was filed." *Id.* As a lien creditor, the trustee possesses the right and power to avoid any lien claims or security interests which are unperfected on the date that the bankruptcy petition is filed. *In re Raiton*, 139 B.R. 931, 934 (9th Cir. BAP 1992).

The trustee contends that her powers under this section enable her to avoid the ORAP lien because it was not perfected by a court order for turnover or placement of the property in the hands of a levying officer or receiver. On the other hand, the bank contends that the statute provides that the lien was created at time of service of the subpoenas and that it took priority over the trustee's lien powers which did not commence until the bankruptcy filing.

State law controls the validity and effect of liens in the bankruptcy context. *In re Copper King Inn, Inc.*, 918 F.2d 1404, 1407 (9th Cir.1990). Our analysis therefore is governed by California law.

Perfection is a concept used to determine the priority of a security interest against the competing interest of certain third parties in the collateral: it is a term of art taken from Article 9 of the Uniform Commercial Code, but not defined by it. *See* Cal.Com.Code § 9303(1) (West 1990). Perfection refers to that single date, or moment in time, when the state perfection statute is satisfied, and the lien becomes good against other creditors who can no longer obtain superior rights. *See In re Loken*, 175 B.R. 56, 62 (9th Cir. BAP 1994).

The essence of perfection is to furnish public notice of the secured party's interest in the collateral, thereby protecting third persons against secret liens. *See Biggins v. Southwest Bank*, 490 F.2d 1304, 1311 (9th Cir.1973); *In re Reliance Equities, Inc.*, 966 F.2d 1338, 1341 (10th Cir.1992); *In re Van Kylen*, 98 B.R. 455, 464 (Bankr. W.D.Wis.1989); *In re American Home Furnishings Corp.*, 48 B.R. 905, 907 (Bankr. W.D.Wash.1985).

The Ninth Circuit Court of Appeals has recognized that a statutory lien may achieve priority over a bankruptcy trustee's hypothetical lienholder status even if it has no formal perfection requirements. *In re Loretto Winery, Ltd.*, 898 F.2d 715, 719–20 (9th Cir.1990). When a lien does not have formal perfection requirements, its priority is determined under the general rule set forth in Cal.Civ.Code § 2897, which provides that the time of creation of the lien is determinative. *See Bluxome Street Assocs. v. Fireman's Fund Ins. Co.*, 206 Cal.App.3d 1149, 254 Cal. Rptr. 198, 203 (App.1988) (concerning attorney's lien).

### *The ORAP lien*

The examination proceeding provisions were added to the California Code of Civil Procedure in the 1982 revision of its Enforcement of Judgments section, Title 9, §§ 680.010 to 724.260. Division 2 is the provision for Enforcement of Money Judgments, and it is divided into six chapters. The pertinent provisions are located in Chapter 6, under Miscellaneous Creditors' Remedies. The examination liens, along with the charging order lien and creditor's suit lien, are

listed as "Other Liens." Cal.Civ.Proc.Code § 697.910 (West 1987).

The pertinent examination proceeding statutes are as follows:

§ 708.110, Order for examination; service; contents

(a) The judgment creditor may apply to the proper court for an order requiring the judgment debtor to appear before the court, or before a referee appointed by the court, at a time and place specified in the order, to furnish information to aid in enforcement of the money judgment.

. . . .

(d) The judgment creditor shall personally serve a copy of the order on the judgment debtor not less than 10 days before the date set for the examination. Service shall be made in the manner specified in Section 415.10. Service of the order creates a lien on the personal property of the judgment debtor for a period of one year from the date of the order unless extended or sooner terminated by the court.

Cal.Civ.Proc.Code § 708.110 (West 1987 & Supp.1995).

§ 708.205. Order for satisfaction of money judgment or forbidding transfer or payment

(a) Except as provided in subdivision (b), at the conclusion of a proceeding pursuant to this article, the court may order the judgment debtor's interest in the property in the possession or under the control of the judgment debtor or the third person or a debt owed by the third person to the judgment debtor to be applied toward the satisfaction of the money judgment if the property is not exempt from enforcement

of a money judgment. Such an order creates a lien on the property or debt. Cal.Civ.Proc.Code § 708.205 (West 1987).

Section 708.205 grants the court broad authority to do one of three things: 1) order the judgment debtor (or third person) to deliver the property to the levying officer; 2) appoint a receiver and order debtor to deliver the property to the receiver; or 3) order execution to be issued. *See* Cal.Civ.Proc. Code § 708.205, 16 CAL.L.REV.COMM.REPORTS 1508.

■ While the ORAP lien is unique in the enforcement statutes, it is still a nonpossessory judicial lien, as opposed to a statutory lien.[6] This distinction is important because statutory liens, often possessory in nature and usually granted to secure payment for services or supplies rendered, do not require further steps to perfect the lien other than the requirements contained in the particular statute.

If the ORAP lien were like a statutory lien, it would also be a "secret lien" in that it is not recorded or published, nor is notice given of its existence. *See Loretto Winery*, 898 F.2d at 719.

The bank likens the ORAP to a contractual attorney's lien, which can also be a "secret lien" on a future judgment. *See* Cal.Civ. Code § 2881 (West 1993), and § 2883 (West 1993 & Supp.1995). However, the ORAP lien and the attorney's lien are very different in policy. The California Supreme Court has stated:

If an attorney's claim for a lien on the judgment based on a contract for fees earned prior to and in the action cannot prevail over the lien of a subsequent judgment creditor, persons with meritorious claims might well be deprived of legal representation because of their inability to

---

6. A judicial lien is one "obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." Cal.Civ.Proc.Code § 1800(a)(4) (West Supp.1995); *Higgins v. Brainard*, 214 Cal. 647, 8 P.2d 135, 137, *cert. denied*, 287 U.S. 604, 53 S.Ct. 9, 77 L.Ed. 525 (1932). A statutory lien has been defined as a "lien arising solely by force of a statute on specified circumstances or conditions ... but does not include ... judicial lien, whether or not the interest or lien is provided by or is dependent on a statute

and whether or not the interest or lien is made fully effective by statute." Cal.Civ.Proc.Code § 1800(a)(9) (West Supp.1995). Typical statutory liens are to compensate persons, pursuant to implied or express contracts, for furnishing services or materials. 4 Witkin, SUMMARY OF CALIFORNIA LAW § 167, Personal Property, p. 156 (1987). They can be possessory, like a mechanic's or landlord's lien, or nonpossessory, like an animal breeder's or logger's lien. *Id.*

pay legal fees or to assure that such fees will be paid out of the sum recovered in the latest lawsuit.

*Cetenko v. United California Bank,* 30 Cal.3d 528, 179 Cal.Rptr. 902, 907, 638 P.2d 1299, 1304 (1982).

There is no such special policy behind an ORAP lien. Its purpose is to place a one-year lien on a judgment debtor's property during which time the judgment creditor can take the further steps to discover assets and obtain an order of the court to apply specific property to the debt. *See Imperial Bank v. Pim Elec., Inc.,* 33 Cal.App.4th 540, 39 Cal. Rptr.2d 432, 437 (1995).

■ Although a trustee in bankruptcy may not avoid a statutory lien just because it is a secret lien, *Loretto Winery,* 898 F.2d at 719, the ORAP lien is distinguishable from the typical statutory lien because it is a judicial lien and one would not expect a judicial lien to be a secret lien. This expectation is the most significant distinction between the ORAP lien and statutory liens.

In fact, the examination statutes provide the means for perfecting the lien and providing notice of its existence, i.e., through the examination order of § 708.205. As a matter of public policy, the trustee's argument makes sense.

The "other" liens, including the ORAP lien, generally developed from the practice of providing restraining orders or equitable liens in supplementary proceedings. *See Wardley Dev. Inc. v. Superior Court,* 213 Cal.App.3d 391, 262 Cal.Rptr. 87, 90 (1989) (discussing creditor's suit lien); *see also City of New York v. Panzirer,* 23 A.D.2d 158, 259 N.Y.S.2d 284 (1965). The equitable liens and the priority given them have been supplanted over the years by revised codes which may spell out the order of priority based on steps taken by the creditor. *Id.* 259 N.Y.S.2d at 286. In the more detailed enforcement systems, mere service of restraining notices is insufficient to invoke standing in the ranking of priorities. *Id.* 259 N.Y.S.2d at 286.

The examination procedure can be used as an alternative to execution and levy to enforce a judgment lien. Cal.Civ.Proc.Code § 697.520 (West 1987); *Nordstrom v. Corona*

*City Water Co.,* 155 Cal. 206, 100 P. 242, 245 (1909); *Tucker v. Fontes,* 70 Cal.App.2d 768, 161 P.2d 697, 699–700 (1945). The "other" liens differ from an execution lien in that the execution lien is expressly created at the time the writ of execution is levied upon the property. Cal.Civ.Proc.Code § 697.710 (West 1987).

The bank contends that § 697.920 gives the ORAP lien the same effect as a perfected execution lien. This section addresses third party rights in property subject to a lien that is transferred or encumbered. It provides that

[A] lien described in Section 697.910 continues on property subject to the lien, notwithstanding the transfer or encumbrance of the property subject to the lien, unless the transfer or encumbrance is made to a person listed in Section 697.740.

Cal.Civ.Proc.Code § 697.920 (West 1987).

The enumerated persons in § 697.740 include a bona fide purchaser. It is well settled that the Code does not give the trustee rights as a bona fide purchaser as to personal property under § 544. *In re Marino,* 813 F.2d 1562, 1566 (9th Cir.1987); *In re Prior,* 176 B.R. 485, 494 n. 8 (Bankr.S.D.Ill.1995); *In re Cosmopolitan Aviation Corp.,* 34 B.R. 592, 596 (Bankr.E.D.N.Y.1983). Therefore, if the ORAP lien has the same effect as a perfected execution lien, then the trustee, "armed cap-a-pie with every right and power which is conferred by the law of the state upon its most favored creditor who has acquired a lien by legal or equitable proceedings," as the hypothetical lien creditor, would be trumped by the ORAP lienholder. *In re Waynesboro Motor Co.,* 60 F.2d 668 (S.D.Miss.1932) cited in 4 COLLIER ON BANKRUPTCY § 544.02 at 544–5 (15th ed. 1995).

■ Where the plain language of § 697.920 suggests this may be the case, the plain language of the examination statutes suggests otherwise. The examination statutes consist of § 708.110 (the ORAP lien provision) and § 708.205 (the examination order lien provision). We agree with the trustee's argument that § 708.205 provides the means for perfecting the § 708.110 ORAP lien because the enforcement statutes gener-

ally require that additional steps need to be taken to protect one's rights. It is well settled that a California statute should be construed with reference to the entire statutory system of which it is a part, in such a way that the various elements of the overall scheme are harmonized. *See In re Jones,* 180 B.R. 575, 578 (9th Cir. BAP 1995); *Bowland v. Municipal Court for Santa Cruz County Judicial Dist. of Santa Cruz County,* 18 Cal.3d 479, 134 Cal.Rptr. 630, 634, 556 P.2d 1081, 1085 (1976).

California commercial statutes, from which the term "perfection" arises, provide that a lien creditor will take priority over an unperfected security interest. However, a lien creditor is defined as "a creditor who has acquired a lien on the property involved by attachment, levy or the like ..." Cal.Com. Code § 9301(3) (West 1990 & Supp.1995). An ORAP lien is only "like" an attachment or execution lien when the creditor has completed the examination process and obtained an order pursuant to § 708.205 for turnover, execution, etc. In other words, the entire examination proceeding is akin to the alternative of execution and levy, not just the ORAP lien. *See* Debt Collection Practice in California, CALIFORNIA CONTINUING EDUCATION OF THE BAR (CEB) 787 (1987) ("A judgment creditor may create a judgment lien on personal property in addition, or as an alternative, to creating a lien by levy under a writ of execution or to using an enforcement procedure provided in CCP §§ 708.010–709.030 (*such as an examination proceeding* ...).") (Emphasis added). Until the bank obtains the examination order pursuant to § 708.205, the bank's lien is on a par with an unperfected security interest.

*Imperial Bank,* relied upon by the trustee, was not available at the time of summary judgment. This case is not dispositive, however, because it involved exemption questions as to property which the court had already ordered to be turned over following examination of the debtors. Nevertheless, it is instructive on how the examination process fits into the statutory scheme:

---

7. The bank quotes a respected treatise which states that service of the ORAP lien "should" give the creditor priority over a trustee in bankruptcy. However, as the trustee points out, this statement

Detailed statutory provisions govern the manner and extent to which civil judgments are enforceable. In 1982, following the recommendations of the California Law Revision Commission, the Enforcement of Judgments Law ("EJL") was enacted. The EJL appears in sections 680.101 [sic] through 724.260 and is a comprehensive scheme governing the enforcement of all civil judgments in California.

39 Cal.Rptr.2d at 437 (citation omitted).

*The examination proceeding and the accompanying authorization of turnover orders enforceable by contempt sanctions* are an alternative to proceeding by way of levy under a writ of execution and may precede a notice of levy.

39 Cal.Rptr.2d at 439 (emphasis added).

The conclusion that § 708.205 is the mechanism to perfect the lien created by § 708.110 is reinforced by the comment to § 708.120, which provides that service of the ORAP on a third party creates a lien on the debtor's interest in property in the possession of a third party. The Comment to section (c) states:

Subdivision (c) is comparable to subdivision (d) of Section 708.110 ... If the property or debt is described in the judgment creditor's application for an order for examination of a third person *and the court ultimately orders the property or debt applied to the satisfaction of the judgment,* the priority of the lien under Section 708.205 will date from the service of the order on the third person pursuant to subdivision (c).

Cal.Civ.Proc.Code § 708.120, 16 CAL.L.REV.COMM.REPORTS 1499 (1982) (emphasis added).

The bank did not act within one year to perfect its lien, and the trustee's rights interposed.[7]

This result is also supported by the nature of the other miscellaneous proceedings.

---

is made in a "practice pointer" and is not dispositive. *See* Alan M. Ahart & Rick Schwartz, CALIFORNIA PRACTICE GUIDE, ENFORCING JUDGMENTS AND DEBTS 6:1306 (1993).

*The Other Liens*

We must also examine the other liens in Article 6. The charging order lien has been held to have priority over the trustee's hypothetical lien creditor's rights. *Raiton*, 139 B.R. at 937; Cal.Civ.Proc.Code § 708.320 (West 1987). Like the ORAP, the charging order lien is created at time of service *of the notice of the motion* for the charging order. § 708.320(a). "This provision is analogous to the creation of a lien in an examination proceeding under Article 2 (commencing with Section 708.110) by service of the order of examination." *See* Cal.Civ.Proc.Code § 708.320, 16 Cal.L.Rev.Comm.Reports 1516 (1982).; *see generally,* Civil Procedure, 14 Pac.L.J. 397, 430 n. 343 (1982); Cal.L.Rev.Comm.Tentative Recommendation Proposing the Enforcement of Judgments Law 2130 (Oct.1980).

There is no need for a motion to be served to create the lien if the parties stipulate to a charging order; in that case the lien is created upon entry of the charging order. *See Raiton*, 139 B.R. at 934–35.

While the BAP held in *Raiton* that a senior lien may be created either at time of service of the motion or if there is no motion, at time of issuance of the charging order, the decision did not consider the issue involved in this appeal, i.e., whether the lien created by service of the motion is unperfected. In *Raiton*, the lien was created by issuance of the charging order, so the Panel did not focus on the difference, if any, in the lien provided by the charging order statutes.

The charging order provisions further state that "[i]f a charging order is issued, the lien created pursuant to subdivision (a) continues under the terms of the order. If issuance of the charging order is denied, the lien is extinguished." Cal.Civ.Proc.Code § 708.320(b) (West 1987). In this way, the charging order lien may be considered to be perfected at time of the issuance of the charging order, and it would relate back to the time of the service of the motion. *See Raiton*, 139 B.R. at 935.

In contrast, the examination provisions provide for the creation of a lien upon service of the ORAP, § 708.110(d), as well as creation of another lien upon entry of an order for the satisfaction of a money judgment following examination of the judgment debtor or a third party. § 708.205(a). The trustee argues that § 708.205 would be redundant if it were not the perfection method for the ORAP lien. We find this argument persuasive and compatible with the enforcement statutes, which provide that the examination lien may relate back to the date of the ORAP lien. *See* Cal.Civ.Proc.Code § 697.020(b) (West 1987).

Similarly, the creditor's suit lien, the third "other" lien contained in the enforcement of judgment statutes, provides that an action may be brought without the necessity of levying under a writ of execution or resorting to any of the other possible legal remedies which were required under former law. 14 Pac.L.J., *supra,* at 429. Service of the summons on the third person creates the lien. Cal.Civ.Proc.Code § 708.250 (West 1987).

Like the examination proceedings, the creditor's suit provisions provide for further action by the court consisting of a restraining order, Cal.Civ.Proc.Code § 708.240 (West 1987), and for a judgment and order to apply the property to satisfy the debt. Cal.Civ. Proc.Code § 708.280(b) (West 1987). Therefore, the § 708.250 lien created upon service of the summons does not have the same status as a perfected attachment or judgment lien because it "secures an as yet unproven claim to an equitable interest in property." *Wardley,* 262 Cal.Rptr. at 91.

*Wind Power Systems*

The bankruptcy court, found support for the ORAP lien's priority by comparing it to the attachment lien, pursuant to the California attachment statutes, Cal.Civ.Proc.Code §§ 481.010 to 493.060 (West 1979 & Supp. 1995). *See In re Wind Power Systems, Inc.,* 841 F.2d 288 (9th Cir.1988). In *Wind Power,* the plaintiff in a pending state court action obtained a Temporary Protective Order ("TPO"), which created a temporary lien under California law, prior to 90 days before the debtor filed for bankruptcy. Pursuant to a writ of attachment, the plaintiff then levied upon the property inside the 90–day period. Under California law, an attachment lien is created at the time of levy on the property

under a writ of attachment. Cal.Civ.Proc. Code § 488.500(a) (West Supp.1995). The priority of the attachment lien relates back to the date of the TPO, pursuant to Cal.Civ. Proc.Code § 488.500(e) (West Supp.1995).

Before the plaintiff obtained judgment on the merits, the debtor filed for bankruptcy. Despite the lack of judgment on the debt, the bankruptcy court held that the plaintiff's attachment lien took priority over the trustee's § 544 powers. The court stated that the plaintiff "had to present a strong showing of success on the merits to obtain a writ of attachment." 841 F.2d at 293. The court held that the attachment lien's creation as well as its priority related back to the date of the TPO, and that it was not an avoidable preference.

In analyzing *Wind Power*, the bankruptcy court in the instant case stated at the hearing that "if the [prejudgment] attachment lien takes precedence over the trustee, obviously a post judgment lien [like the ORAP lien] does."

The reliance on *Wind Power* was misdirected. The service of the ORAP in this case has more in common with the service of the TPO in *Wind Power* than it does with the levy of the attachment writ.[8]

The trustee contended that the TPO was only perfected because the writ of attachment was levied on the property and that perfection related back to the date of the TPO. *See Wind Power*, 841 F.2d at 291–92 and n. 2. We believe this observation is correct.

In the instant case, the service of the ORAP was not sufficiently determinative of the examination proceedings. The bank failed to take that last step to obtain an order for turnover, levy upon or receivership *pertaining to Debtors' property*, which would then relate back to the date of the ORAP lien.

*Illinois Citation Lien*

The bankruptcy court gave deference to the bank's argument that the ORAP lien was comparable to the Illinois citation lien to prove the point that the ORAP lien took priority over the trustee. Illinois law allows creditors who have secured judgment to initiate supplementary proceedings against a debtor for purposes of discovering nonexempt income and assets. The first step in this process is for the court to issue a citation to the debtor or a third party to appear. Once property has been discovered, the court may fashion a remedy ordering the party in possession to satisfy the debt. *See Appeal of Swartz (Farm Credit Bank of St. Louis and Lucas)*, 18 F.3d 413, 416 (7th Cir.1994).

Prior to a 1993 amendment to the Illinois Code of Civil Procedure which provides that service of the citation creates a lien, the Illinois state and federal courts were divided over the effect of the service of the citation. *In re Barone*, 184 B.R. 747, 749 (N.D.Ill. 1995); *Bloink v. Olson*, 265 Ill.App.3d 711, 202 Ill.Dec. 760, 763, 638 N.E.2d 406, 409 (1994); Ill.Ann.Stat. ch. 735, 5/2–1402(m), (Smith–Hurd Supp.1995). Following the amendment, however, the courts appear to hold that service of the citation creates a lien that is prior in right to the trustee in bankruptcy. *See In re Prior*, 176 B.R. 485 (Bankr.S.D.Ill.1995). The bankruptcy court in *Prior* had some strong words in support of the citation lien's priority:

> While some courts have held that a lien obtained by service of a citation summons is "perfected" only when a turnover order is entered in the citation proceeding making the creditor's rights fixed and unassailable, ... this Court finds no basis in federal or state law for such a ruling.... Section 2–1402(1) [now m] creates a specific lien on the debtor's assets as of the service

---

8. Cal.Civ.Proc.Code § 697.020(b) (West 1987) provides that a lien will relate back to the creation time of a previous lien if the two liens are created under the same judgment. The bank argues that the ORAP lien should refer back to its recorded judgment lien. The relation back statute "preserve[s] the judgment creditor's priority as of the time of the creation of the first in a series of overlapping liens on the same proper-

ty." 16 Cal.L.Rev.Comm.Reports 1272 (1982). This section appears to put the ORAP lien on a par with other Division 2 liens, such as the execution lien or judgment lien. However, we believe *Wind Power* stands for the proposition that only perfected liens, such as the attachment lien, relate back, and we hold that the ORAP lien is not perfected.

of the citation summons, and although the lien may lapse due to the passage of time or other circumstances, ... it is not contingent for its existence on the outcome of the citation proceeding.... "perfection" occurs upon the lien's creation as a result of its priority over subsequent lien creditors. Rather, to the extent the turnover order in a citation proceeding orders the payment of money or property subject to a citation lien, it constitutes the enforcement of a preexisting lien and is not avoidable as a preference....

176 B.R. at 495 (citations omitted).

The trustee points out an important distinction between the citation lien and the ORAP lien. Illinois law provides that the citation lien may contain a restraining order, or an injunction preventing transfer of the property may be issued simultaneously. Ill. Stat.Ann. ch. 735, 5/2–1402(f)(1) and (f)(2) (Smith–Hurd Supp.1995). In fact, the citation lien before the Seventh Circuit Court of Appeals in *Farm Credit Bank* contained a restraining order. The appellate court held, *in dicta,* that if a lien were created, it would defeat the bankruptcy trustee. *Appeal of Swartz,* 18 F.3d at 416. We cannot speculate as to Illinois law.

The Illinois cases do raise an interesting point: whether the notion of perfection should be applied to a lien such as the ORAP lien. For example, if the lien has been created and is a valid judicial lien, should it not have priority over all other liens subsequently created or perfected. This is what the bankruptcy court in the instant case finally concluded, although the judge described his discomfort with the result:

> [I]f this crazy statute means what it says, I use the term crazy in the sense of one that I'm not very familiar with rather than any impugning of the motives or operation or intellect of the California State Legislature, every judgment creditor should rush out, get an ORAP, serve it on the debtor, and then, I guess, first in time, first in right....

The answer to this potential dilemma lies in California's statutory scheme for enforcement of money judgments. Like other judicial liens, the ORAP lien requires that cer-

tain steps be taken to assure that public notice is provided so that other creditors generally cannot take priority over the lien. For example, the TPO lien is perfected when the attachment writ is levied upon the property, and the levy of the execution writ following its issuance is the final step in the execution lien procedure. Recordation, which provides public notice of the lien, is the method of perfecting the judgment lien. The ORAP lien requires a further step to perfect the lien on specific property. The examination order of § 708.205 is the mechanism to perfect the lien of § 708.110(d).

### CONCLUSION

The bankruptcy court erred as a matter of law in granting summary judgment to the bank. The bank had not perfected the ORAP lien by obtaining an examination order for turnover, execution and levy, or appointment of a receiver to apply the property to satisfy the debt, according to the provisions of § 708.205. Therefore, the trustee was able to avoid the lien under the § 544 strong arm power. The order and judgment of February 2, 1995, is **REVERSED.**