In re John J. ENGLES and Carolina Engles, Debtors.

Robert DAVISSON and Edna Davisson, Movants,

v.

John J. ENGLES, Carolina Engles, Great Western, D. Edward Wigfall, Chapter 13 Trustee, et al., Respondents.

Bankruptcy No. 95–12157–B13 RS–00180.

United States Bankruptcy Court, S.D. California.

March 6, 1996.

---

John J. Engles, Carolina Engles, Chula Vista, CA, Debtors in Propria Persona.

A.E. Erbacher, Michael D. Hudgins, San Diego, CA, for Secured Creditor.

D. Edward Wigfall, San Diego, CA, Chapter 13 Trustee.

## MEMORANDUM DECISION

LOUISE DeCARL ADLER, Bankruptcy Judge.

Robert and Edna Davisson ("Davissons"), who bought the Chapter 13 debtors' real property at a foreclosure sale approximately four minutes prepetition, seek relief from the automatic stay to permit the trustee who conducted the foreclosure sale ("Trustee") to issue the Trustee's Deed ("Deed") and record it.

## I. FACTS

John and Carolina Engles ("Debtors") owned real property known as 416 Woodlawn Avenue, No. B, Chula Vista, California (the "Property"). On November 6, 1995, at 11:02

a.m., the Property was sold at a nonjudicial foreclosure sale. The Davissons were the successful purchasers.

█ Approximately four minutes later, at 11:06 a.m., the Debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code ("Code"), but did not record their notice of filing bankruptcy with the County Recorder. The Trustee has not issued the Deed to the Property to the Davissons, alleging this act is precluded by the automatic stay.[1]

The Davissons seek relief from the automatic stay to permit the Trustee to issue the Deed to the Property and record it. This will enable them to enforce their rights and remedies for possession of the Property under state law. The Debtors oppose relief from the automatic stay, asserting the Davissons failed to perfect their interest in the Property under California Civil Code section 2924h(c). Presumably, the Debtors assertion is that because the sale was not perfected prepetition and the fifteen day window under section 2924h(c) has run, they hold a superior interest in the Property.

## II. ISSUES

1. Since the Deed was not recorded prior to the Debtors' bankruptcy, did the Debtors retain some ownership of the Property? If so, should relief from stay be granted?

2. Is a Trustee's Sale final under section 2924h(c) even though the Deed is not recorded within fifteen days of the sale?

1. There is some confusion as to whether the Deed has been issued. In the Davissons' moving papers, the Trustee declared she was unable to issue the Deed due to the automatic stay. However, at a hearing on February 13, counsel for the Davissons stated the Deed had been delivered. Either way, the Deed has not been recorded. If the Deed has been delivered, there is a conclusive presumption the sale is complete as to a bona fide purchaser. *Moeller v. Lien*, 25 Cal. App.4th 822, 831–32, 30 Cal.Rptr.2d 777 (1994).

2. However, retaining legal title does not provide the debtor with the right to set aside a valid sale. California Civil Code sections 2924 through 2924k detail the procedure for nonjudicial foreclosure sales conducted pursuant to a power of sale in a deed of trust. Until the time of sale, the debtor possesses an equity of redemption which permits avoiding the sale if all money due on the

## III. DISCUSSION

### A. Relief From Stay Should be Granted Because a Debtor Retains Only Legal Title Following a Prepetition Foreclosure Sale.

█ The Davissons contend the foreclosure sale was final prepetition, the Property is not part of the Debtors' estate and relief from the automatic stay should be granted. However, 11 U.S.C. section 541(d) states in pertinent part:

> Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest ... becomes property of the estate ... only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

Until the deed from a prepetition foreclosure sale is recorded, a debtor retains legal title to the property. If the debtor files bankruptcy immediately following the sale, the legal title accompanies the debtor into bankruptcy, and becomes property of the estate. *See generally In re Hunt*, 160 B.R. 131, 135 (9th Cir. BAP 1993). Once included in the estate, legal title becomes subject to the protection of the Code, and any transfers in legal title may not transpire without complying with the Code provisions. *Id.*[2]

Although the Property was sold prepetition, because the Davissons did not record

property is paid prior to the foreclosure sale. In addition, the debtor is allotted up to five business days before the sale to reinstate the loan on the property by paying back payments. Upon completion of the foreclosure sale, the debtor's rights of redemption are lost, and if conducted properly, the sale serves as a final adjudication of the rights between the debtor and the lender. *In re Hwang*, 189 B.R. 786, 790–91 (Bankr.C.D.Cal. 1995); *Moeller*, 25 Cal.App.4th at 830, 30 Cal. Rptr.2d 777. Grounds for challenging the validity of a foreclosure sale include the involvement of fraud; an improper, unfair or unlawfully conducted sale; or a mistake in the sale such that it is inequitable to not invalidate it. *See* 4 Miller & Starr, California Real Estate 2d, § 9:154 (1989 & Supp.1995). There has been no evidence submitted which would support a challenge to the validity of the sale.

the Deed prepetition, the Debtors retained legal title to the Property. Immediately upon the Debtors' filing their voluntary petition, the Property became property of the estate only to the extent of the legal title. As such, the Debtors are entitled to the protection under the Code.

Arguably, granting a deed postpetition is not a willful violation of the automatic stay. *See In re Flowers*, 94 B.R. 3, 8 (Bankr.D.Col. 1988). However, bankruptcy courts have held that because a debtor retains a "shadow of title" and granting of a deed interferes with that title, the trustee is barred by the automatic stay from granting a deed postpetition. *Id.; see also In re Jewett*, 146 B.R. 250, 252 (9th Cir. BAP 1992).[3] Because issuing the Deed postpetition to the Davissons would have effectively stripped the Debtors of any remaining interest in the Property, the Trustee correctly determined that action was barred by the automatic stay.

The Debtors contend that relief from the automatic stay should not be granted because the Davissons failed to perfect their interest in the Property by not recording the Deed prepetition. Although California law does not provide much guidance on this issue, bankruptcy cases from other jurisdictions lead this Court to conclude that relief from the automatic stay should be granted.

In their analysis of section 362(d), courts have concluded: "When a purchaser receives equitable title at a [foreclosure] sale, but legal title remains in a debtor, and the debtor thereafter files for bankruptcy, cause exists to lift the stay to allow the equitable owner to gain legal title." *In re Golden*, 190 B.R. 52, 58 (Bankr.W.D.Pa.1995); *See also In re Donovan*, 183 B.R. 700, 702 (Bankr.W.D.Pa. 1995); *Matter of Spencer*, 115 B.R. 471, 485 (D.Del.1990); *In re Lally*, 38 B.R. 622, 626 (Bankr.N.D.Iowa 1984); *In re Shirley*, 30 B.R. 195, 196 (Bankr.D.Md.1983).

Furthermore, the court in *Flowers* held, "[t]he trustee need only apply to the Court to obtain relief from the automatic stay to grant the successful bidder a deed. Absent extraordinary circumstances, cause would exist to permit the granting of a deed." *Flowers*, 94 B.R. at 8. Of all the reasons provided for this conclusion, the most persuasive is to unite legal title with equitable title when title is split and the debtor holds only legal title. In these instances, the debtor has no beneficial interest in the property, and legal title alone is of little or no value to the estate. *See Spencer*, 115 B.R. at 485 (citing *Boyd v. Martin Exploration Co.*, 56 B.R. 776, 781 (E.D.La.1986); *Central Trust Co. v. Shepard (In re Shepard)*, 29 B.R. 928, 932 (Bankr. M.D.Fla.1983)).[4]

### B. A Trustee's Sale is Final Even if not Recorded Within Fifteen Days Following the Sale Pursuant to section 2924h(c).

■ The Debtors contend that section 2924h(c) is the only way to validate a trustee's sale, and the Davissons were required to record the Deed within fifteen days following the foreclosure for the sale to be complete. The Debtors rely on section 2924h(c) which provides in pertinent part:

> The trustee's sale shall be deemed final upon the acceptance of the last and highest bid, and shall be deemed perfected as of 8 a.m. on the actual date of sale if the trustee's deed is recorded within 15 calendar days after the sale.

The Debtors maintain if the Deed is not recorded within fifteen days following the sale, the effective date of the sale is the date of recordation of the Deed rather than at 8:00 a.m. on the date of the sale. Retroactive application to the date of the sale is not allowed. The Davissons argue that application of this section is an optional procedure, and does not manipulate the time of the sale. As no court has yet ruled upon the applica-

---

3. The *Flowers* court additionally noted that Congress could have made the granting of a deed from a prepetition foreclosure sale an exception to the automatic stay. Since Congress did not, the automatic stay should bar this act until a court reviews the matter. *Flowers*, 94 B.R. at 8 n. 3.

4. The Debtors, in fact, stipulated the Davissons hold the beneficial interest in the Deed to the Property.

tion of this statute, this Court presents its own interpretation.

 A plain language reading of the statute leads this Court to conclude a trustee's sale is final upon acceptance of the last and highest bid, regardless of when the deed is recorded. In reviewing the statute's meaning, "courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253–54, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992). Section 2924h(c) unambiguously presents two distinct concepts. The first: a sale is final when the trustee accepts the last and highest bid. The second: if the deed is recorded within fifteen days, the date of recordation is retroactive to the date of the sale. "When the words of a statute are unambiguous ... 'judicial inquiry is complete.'" *Id.*

This interpretation is supported by analysis provided by the Senate Rules Committee discussion of Assembly Bill No. 1196, which led to the amendment of section 2924h(c).

> C[alifornia] T[rustee's] A[ssociation] points out that the validity of foreclosure sales is sometimes thrown into question when a bankruptcy is filed after the trustee's sale is final, but before the trustee's deed can be recorded. Federal bankruptcy courts, which normally rely on state real property laws, have reached different results because California law is unclear on how this situation should be handled. This bill is intended to clarify California law in these situations by providing that a trustee's sale is deemed 'perfected' as of the date of sale if the trustee's deed is recorded within 15 days of the sale.

Comm.Rep. CA A.B. 1196 (1993–94 Reg. Sess.).

Notably, this analysis does not provide that a foreclosure sale is invalid if not recorded within the fifteen day window. The amendment's purpose was simply to provide purchasers with a grace period in which to rec-

ord their deeds and still maintain superior title.

 The concepts of "finalizing" and "perfecting" a sale are different. Under the California Civil Code, finalization of a nonjudicial foreclosure sale literally occurs when the gavel falls indicating acceptance of the last and highest bid. *In re Duncombe*, 143 B.R. 243, 246 (Bankr.C.D.Cal.1992); Cal.Civ. Code § 2924h(c). Perfection, on the other hand, does not contemplate accepting later bids. Rather, purchasers perfect a sale by recording the deed.

> Perfection is a concept used to determine the priority of a security interest against the competing interest of certain third parties in the collateral.... Perfection refers to that single date, or moment in time, when the state perfection statute is satisfied, and the lien becomes good against other creditors who can no longer obtain superior rights.

*In re Hilde*, 189 B.R. 776, 780 (9th Cir. BAP 1995).

The purpose of a nonjudicial sale is essentially to satisfy a creditor's unpaid loan on a piece of property. The purpose of perfection is to protect the purchaser's interest in property against the claims of third persons by furnishing public notice of that interest. *See generally Id.*[5]

Nevertheless, the Debtors contend if they had recorded their notice of bankruptcy prior to the Davissons recording the Deed and within the fifteen day period after the sale, they could have invalidated the Trustee's sale.[6] While this argument may have had merit prior to 1993, following the 1993 amendments to section 2924h(c), the Debtors' argument is no longer entirely correct.

Prior to 1993, section 2924h(c) merely provided that the trustee's sale was final upon acceptance of the last and highest bid. The statute did not address the status of property from a prepetition sale if the prior owner subsequently filed bankruptcy. California case law up to this point permitted a debtor

---

**5.** While *Hilde* discusses statutory liens, the concept and reasons for perfection are the same in the context of recording deeds.

**6.** This argument is entirely hypothetical on the Debtors' part as no such notice was in fact recorded within this period.

to avoid the foreclosure sale if the debtor recorded the notice of filing bankruptcy prior to the purchaser recording the deed. *Duncombe*, 143 B.R. at 243; *In re Williams*, 124 B.R. 311 (Bankr.C.D.Cal.1991); *In re Walker*, 861 F.2d 597 (9th Cir.1988). These cases relied on California's race-notice recording statute under which the party who records a conveyance of real property first obtains title superior to subsequent recorders unless that party has notice of a subsequent conveyance. Cal.Civ.Code § 1214 (West Supp.1996). The courts reasoned that the debtor could 'step into the shoes' of the bankruptcy trustee, who has the status of a hypothetical bona fide purchaser, and avoid the sale under Code section 544. *Duncombe*, 143 B.R. at 245. Other courts have also considered the subsequent recording of a deed an avoidable postpetition transfer under Code section 549. *Williams*, 124 B.R. at 315; *Walker*, 861 F.2d at 599–600. In rendering its decision, one court stated:

> The California legislature could easily provide for people in [the purchaser's] position in the recording act. In the past, several states had recording acts that provided a grace period of a number of days for recording a transaction, so that the perfection of the transaction related back to the date of the transaction.

*Duncombe*, 143 B.R. at 246.

Thus, under California case law prior to the 1993 amendments to section 2924h(c), the prepetition sale was not avoided because the sale was incomplete, but rather because the purchaser had not secured superior title to the property by recording the deed before the debtor recorded the notice of filing bankruptcy.

■ Section 2924h(c) was amended in 1993 to clarify the status of property sold in a prepetition foreclosure sale where the prior owner later files bankruptcy. Currently, if the trustee's deed is recorded within fifteen days after the sale, the sale is deemed perfected as of 8:00 a.m. on the date of the sale. Cal.Civ.Code § 2924h(c) (West Supp.1996). This fifteen day window effectively provides purchasers with a guarantee that even if a deed is not recorded until day fifteen, they will still hold title superior to those who record first, including debtors or their trustees in bankruptcy.

■ Contrary to the Debtors' assertion, even if they had recorded their notice of bankruptcy filing within fifteen days following the sale and prior to the Davissons recording the Deed, the Debtors could not have invalidated the sale.

## IV. CONCLUSION

A prepetition foreclosure sale is complete upon acceptance of the last and highest bid, rather than when recorded. The Debtors held mere legal title when they filed their bankruptcy petition before the Deed could be recorded. The Davissons' request for relief from the automatic stay is granted because mere legal title is of no value to the bankruptcy estate.