**In re Minnie Bee GARNER, Debtor.**

**Bankruptcy No. 97–42308 TG.**

United States Bankruptcy Court,
N.D. California.

May 19, 1997.

As Amended June 5, 1997.

---

Mary Ellmann Tang, Grimes & Associates, Walnut Creek, CA, for Bank of America.

David A. Smyth, Los Angeles, CA, for debtor Minnie Bee Garner.

## MEMORANDUM OF DECISION

LESLIE TCHAIKOVSKY, Bankruptcy Judge.

Bank of America ("Secured Creditor") seeks relief from the automatic stay with regard to a nonjudicial foreclosure sale conducted just prior to the filing of the bankruptcy petition in this case. For the reasons stated below, relief has been granted.

## SUMMARY OF FACTS

Prior to Secured Creditor's foreclosure sale, the above-captioned debtor (the "Debtor") owned real property located at 3520 Waller Avenue, Richmond, California (the "Property"). The Property was encumbered by Secured Creditor's deed of trust which secured a payment obligation. The Debtor defaulted on the payment obligation and failed to cure the default during the statutory periods required by California law after recordation of a notice of default and notice of sale—i.e., a minimum of 120 days. The foreclosure sale was conducted on March 11, 1997, and the Property was sold to a third party purchaser (the "Purchaser").

On March 12, 1997, the debtor filed a petition seeking relief under chapter 13 of the Bankruptcy Code. On March 13, 1997, a foreclosure sale deed (the "Deed") was issued and delivered to the Purchaser. On March 18, 1997, the Purchaser recorded the Deed.

## DISCUSSION

Under prior law, the outcome of this motion would depend on whether the Purchaser was a good faith purchaser for present fair equivalent value without knowledge of the bankruptcy case at the time of the sale and whether the Purchaser recorded the Deed before the debtor recorded a notice of the bankruptcy filing. Section 549 of the Bankruptcy Code permits a trustee to avoid an unauthorized post-petition transfer. It is well established that, under bankruptcy law, perfection of an interest in property is con-

sidered a transfer separate and apart from the transfer of title. *In re Williams*, 124 B.R. 311, 315 (Bankr.C.D.Cal.1991). Under prior California law, the Bankruptcy Code did not authorize the post-petition recordation of a foreclosure sale deed.

However, section 549(c) provides an exception to the trustee's right to avoid unauthorized post-petition transfers. It provides that a trustee may not avoid under section 549:

... a transfer of real property to a good faith purchaser without knowledge of the commencement of the case and for present fair equivalent value unless a copy or notice of the petition was filed, where a transfer of such real property may be recorded to perfect such transfer, before such transfer is so perfected that a bona fide purchaser of such property, against whom applicable law permits such transfer to be perfected, could not acquire an interest that is superior to the interest of such good faith purchaser.

Thus, under prior California law, whether a trustee could avoid the post-petition recordation of a foreclosure sale deed presented a proverbial "race to the courthouse" or more precisely to the county recorder's office.

Prior law is best illustrated by two leading cases involving similar facts—i.e., *In re Walker*, 861 F.2d 597 (9th Cir.1988) and *In re Williams*, 124 B.R. 311 (Bankr.C.D.Cal.1991). In *Walker*, a third party purchased real property at a nonjudicial foreclosure sale conducted after a bankruptcy petition had been filed. The debtor recorded a notice of the petition before the purchaser recorded a deed of sale. Based on section 549(c), the *Walker* court held that, because the notice of bankruptcy had been recorded before the sale deed, the sale could be avoided. *Id.* 861 F.2d at 600.

In *Williams*, the foreclosure sale occurred before the bankruptcy petition was filed. However, the debtor filed a bankruptcy petition and recorded notice of the filing before the sale deed was recorded. Because the notice of filing was recorded first, the recordation of the sale deed was avoidable under

section 549 and the purchaser was rendered unperfected. Under California law, as then in effect, the rights of a purchaser whose title to property was unperfected would be void as against a subsequent bona fide purchaser of the property for value whose interest was perfected on the petition date. 11 U.S.C. § 544(a)(3). 124 B.R. at 314–15; *see also In re Jewett,* 146 B.R. 250, 251–52 (9th Cir. BAP 1992).

In 1993, section 2924h(c) of the California Civil Code was amended in an attempt to deal with this problem. As amended, section 2924h(c) provides, in pertinent part, as follows:

> ... the trustee's sale shall be deemed final upon the acceptance of the last and highest bid, and shall be deemed perfected as of 8 a.m. on the actual date of sale if the trustee's deed is recorded within 15 calendar days after the sale. ...

To date, the amended statute has been construed in two reported bankruptcy court cases—i.e., *In re Engles,* 193 B.R. 23 (Bankr. S.D.Cal.1996) and *In re Sanders,* 198 B.R. 326 (Bankr.S.D.Cal.1996).

In *Sanders,* the bankruptcy petition was filed and the foreclosure sale conducted on the same day; the petition was filed first—at 9:06 a.m. The sale deed was recorded the following day. The secured creditor contended that, because the deed was recorded within fifteen days of the sale, pursuant to section 2924h(c) of the California Civil Code, perfection should be deemed to have occurred at 8:00 a.m. and thus prior to the filing of the bankruptcy petition. The *Sanders* court rejected this contention, reasoning that the post-petition sale was void. *See In re Schwartz,* 954 F.2d 569 (9th Cir.1992). An invalid sale could not be rendered valid by a presumption imposed by state law as to when perfection would be deemed to have occurred. 198 B.R. at 328–29.

In *Engles,* the sale took place first—at 11:02 a.m. The bankruptcy petition was filed four minutes later—at 11:06 a.m. No notice of the bankruptcy was recorded. No sale deed was issued and thus none could be recorded. The foreclosure sale trustee refused to issue a deed after he learned of the bankruptcy filing for fear that it would violate the automatic stay. Thus, at the time of

the filing, the debtor held only bare legal title to the property. The purchaser contended that bare legal title was of no value to the estate. As a result, relief from the automatic stay should be granted so that the foreclosure sale could be perfected. The debtor, on the other hand, contended that, because the sale deed was not recorded within fifteen days of the sale, the sale should not be deemed final until the deed was perfected.

The *Engles* court agreed with the purchaser and disagreed with the debtor. It rejected the debtor's contention that the sale was not final until perfected based on the plain language of the statute. The *Engles* court agreed with the purchaser that the estate held only bare legal title to the property and that this was of no substantial value. The *Engles* noted that, under prior California law, a trustee could avoid an unperfected transfer of title under section 544(a)(3). However, it concluded that the amendment of section 2924h(c) of the Civil Code extinguished that ability. The *Engles* court did not discuss the significance of the purchaser's failure to record the deed within fifteen days of the sale on the trustee's ability to avoid the unperfected title.

The Court agrees with the *Engles* court that the plain language of section 2924h(c) provides that the sale is final when the highest and last bid is accepted. Thus, in the instant case, as in *Engles,* the foreclosure sale was final when the bankruptcy petition was filed. The Court agrees that a failure to perfect the sale by recording the deed, either within or without the fifteen days, does not affect this finality. However, the Court disagrees with what appears to be an implicit conclusion in *Engles*—i.e., that it is irrelevant whether or not the purchaser records the deed within fifteen days of the sale.

Normally, the post-petition perfection of the transfer of an interest of the debtor in property would violate the automatic stay of section 362 as well as being avoidable under section 549(a). However, section 362 contains certain exceptions to the bar of the automatic stay. One of those exceptions—11 U.S.C. § 362(b)(3)—relates to an act to perfect an interest in property that, pursuant to 11 U.S.C. § 546(b), would prevail over certain of the trustee's avoiding powers. Section 546(b) provides, in pertinent part, that a

trustee's power to avoid an interest under section 544 is subordinate to "any generally applicable law that . . . permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of perfection; . . . ." This is just what the amended version of section 2924h(c) does **provided, that is, the purchaser records its deed within fifteen days of the sale.**

■ On the other hand, if the foreclosure sale purchaser fails to record its deed within fifteen days of the sale, the perfection will not relate back to the date of the sale. A contest between the foreclosure sale purchaser and a bona fide purchaser of the property from the owner will again depend on who records its deed first. As a result, the recordation of a foreclosure sale deed more than fifteen days of the sale after a bankruptcy petition is filed will not qualify for the section 362(b)(3) exception to the bar of the automatic stay and will not protect the purchaser from avoidance of its interest in the property under section 544(a)(3). Recordation of the deed within fifteen days of the sale appears critical to the outcome of a motion for relief under these circumstances.

■ An argument may be made that section 2924h(c) is only effective if the foreclosure sale deed has been issued before the bankruptcy petition is filed. The *Engles* court recognized that, arguably, issuance of a foreclosure deed did not violate the automatic stay. However, it concludes that the better view is that it would constitute a violation. In support of this conclusion, the *Engles* court cites *In re Jewett*, 146 B.R. 250, 252 (9th Cir. BAP 1992), a case decided prior to the amendment of section 2924h(c).

The Court agrees that the answer to this question is not perfectly clear. However, the Court concludes that the better view is that issuance of the deed does not violate the automatic stay. As discussed above, the foreclosure sale is final once the highest and last bid is accepted. Therefore, the issuance of the deed is best viewed as part of the perfection process. Provided the deed is recorded within fifteen days of the sale, issuance of the deed would not violate the stay. The Court acknowledges that this may place the foreclosure sale trustee in an awkward position. Unless the trustee takes responsibility for recording the deed, the trustee's liability for violating the automatic stay will be dependent on the purchaser's prompt recordation of the deed. Nevertheless, the Court believes that this interpretation is the best reading of the intent of the statute.

In the instant case, the debtor also made the argument that the sale was not final because section 2924h(c), as amended, provides that the sale will be automatically rescinded and the lienholders restored to their respective positions if the purchaser's check is returned for insufficient funds. This argument is frivolous. If the sale were not final, there would be no need to provide for its rescission.

### CONCLUSION

■ Under the facts presented by the instant motion, Secured Creditor is entitled to relief from the automatic stay. The Court concludes that the post-petition issuance and recordation of the deed under these circumstances did not violate the automatic stay and the foreclosure sale purchaser's interest in the property is not avoidable under section 544(a)(3). The debtor's bare possessory interest in the property has no value to the estate. Therefore, relief is properly granted.