**In re Philip Crist STORK, Debtor.**

**Bankruptcy No. 97–45876 TG.**
**R.S. No. 97–2190.**

United States Bankruptcy Court,
N.D. California.

Sept. 22, 1997.

971

William G. Malcolm, Malcolm, Cisneros & Houser, Irvine, CA, for Great Western Bank, a Federal Savings Bank.

Gerard D. Launay, Berkeley, CA, for Philip Crist Stork.

## MEMORANDUM OF DECISION

LESLIE J. TCHAIKOVSKY, Bankruptcy Judge.

On June 17, 1997 at 12:30 p.m., certain real property (the "Property") owned by the above-captioned debtor (the "Debtor") was sold to a third party purchaser (the "Purchaser") at a foreclosure sale held pursuant to Great Western Bank's ("Bank") deed of trust. On the same day, less than two hours later, the Debtor filed a chapter 13 bankruptcy petition. On July 3, 1997, sixteen days after the foreclosure sale, without obtaining relief from the automatic stay pursuant to 11 U.S.C. § 362, the Purchaser recorded the trustee's deed (the "Deed"). The Debtor failed to record a notice of the bankruptcy filing before the Purchaser recorded the Deed.

By this motion, Bank seeks annulment of the automatic stay pursuant to 11 U.S.C. § 362 to validate recordation of the Deed. Alternatively, the Bank seeks relief from the automatic stay so that it may re-record the Deed. The Debtor opposes the motion. For the reasons stated below, the Court concludes that the motion should be granted.

## DISCUSSION

This Court was confronted by a somewhat similar set of facts in *In re Garner,* 208 B.R. 698 (Bankr.N.D.Cal.1997). However, *Garner* differed from the instant case in one critical respect. In that case, the trustee's deed had been recorded within fifteen, rather than six-teen, days of the foreclosure sale. This is significant because, section 2924h(c) of the California Civil Code provides that, if a foreclosure sale deed is recorded within fifteen days of a foreclosure sale, the sale is deemed perfected at 8:00 a.m. on the day of the sale. By necessary implication, if the deed is recorded on the sixteenth day, the sale is deemed perfected when the deed is recorded and is unperfected until then.

Pursuant to 11 U.S.C. § 362(b)(3), an act to perfect an interest in property does not violate the automatic stay to the extent that the trustee's rights and powers are subject to such perfection under 11 U.S.C. § 546(b). Section 546(b) provides that a trustee's right to avoid a transfer pursuant to 11 U.S.C. §§ 544(a) or 549 is subject to any generally applicable law that permits perfection to relate back and to be effective against one who acquires rights in the property before the date of perfection. Pursuant to section 2924h(c), a foreclosure sale purchaser who records its deed within fifteen days of the foreclosure sale will prevail over someone who purchases the real property from the debtor after the foreclosure sale even if that person records its deed first. Therefore, recordation of a foreclosure sale deed within fifteen days of the sale does not violate the automatic stay and is not avoidable pursuant to 11 U.S.C. §§ 544 or 549.

In *Garner,* the Court expressed the view that it was critical that the foreclosure sale deed be recorded within fifteen days of the foreclosure sale. Otherwise, the benefit of 11 U.S.C. §§ 362(b)(3) and 546(b) would be lost. The Court noted the apparently contrary view expressed in *In re Engles,* 193 B.R. 23 (Bankr.S.D.Cal.1996). In *Engles,* the trustee's deed was not recorded within fifteen days of the foreclosure sale. The *Engles* court considered this unimportant. It noted that, pursuant to section 2924h(c) of the California Civil Code, the sale was final before the bankruptcy petition was filed. Therefore, the debtor held bare legal title which was of no value to the bankruptcy estate.

Bank makes this same argument here. The Court concludes that it has no merit. Bare legal title may be of great value to the bankruptcy estate if it enables the trustee to

avoid the unperfected transfer of the real property. For example, in *In re Williams,* 124 B.R. 311 (Bankr.C.D.Cal.1991)—a case decided before the amendment of section 2924h(c) of the California Civil Code—a chapter 7 debtor, exercising the trustee's avoiding powers pursuant to 11 U.S.C. § 522(h), was permitted to avoid such a transfer under then applicable law.

In *Williams,* the foreclosure sale was conducted on February 12, 1990. On February 14, 1990, the debtor filed a chapter 7 petition and recorded a notice of the petition. The trustee's deed was recorded on February 15. Because the notice of the bankruptcy was recorded before the deed, the debtor could avoid the post-petition recordation of the deed pursuant to 11 U.S.C. § 549(c). This rendered the unperfected transfer of the real property subject to avoidance pursuant to 11 U.S.C. § 544(a)(3). *Williams,* 124 B.R. at 315.

However, recordation of a deed more than fifteen days after a foreclosure sale deprives the purchaser only of the benefits of section 2924h(c) of the California Civil Code. The enactment of section 2924h(c) did not repeal 11 U.S.C. § 549(c). Thus, if a foreclosure sale purchaser does not qualify for protection under section 2924h(c) of the California Civil Code, it may still be protected by 11 U.S.C. § 549(c). Such is the case here. Unlike the parties in *Williams,* here, the Purchaser recorded the Deed, and the Debtor did not record notice of the bankruptcy filing. Therefore, 11 U.S.C. § 549(c) protects the Deed from avoidance.[1]

The protections offered to foreclosure sale purchasers under section 2924h(c) of the California Civil Code and 11 U.S.C. § 549(c), respectively, overlap but are not coincident. Section 549(c) protects only a third party purchaser in good faith for present fair equivalent value. Section 2924h(c) also protects a secured creditor who acquired the

real property pursuant to a credit bid. However, section 2924h(c) only protects a purchaser who records within fifteen days of the foreclosure sale. Section 549(c) protects a purchaser regardless of the number of days after the sale the purchaser records the deed **as long as the deed is recorded before notice of the bankruptcy filing is recorded.**

The protection of either statute is sufficient. Under these facts, therefore, because the Purchaser qualifies for protection under 11 U.S.C. § 549(c), the Bank is entitled to annulment of the automatic stay.

## CONCLUSION

Bank's motion for relief from the automatic stay will be granted. The automatic stay will be annulled to validate the post-petition recordation of the Deed. The Purchaser is a good faith purchaser of the Property for present fair equivalent value who recorded its deed before the Debtor recorded notice of the bankruptcy filing.

---

**1.** Both the Debtor and the Bank raise certain equitable arguments. The Bank contends that relief from the stay should be granted because the Debtor has filed successive bankruptcy petitions. The Debtor contends that there is substantial equity in the Property, the Property has been the Debtor's home for many years, and a Bank employee or agent told the Debtor that the fore-closure sale had been dropped rather than continued. The Court does not find these equitable arguments relevant and has not considered them in reaching its conclusion. The Court does note that the Debtor does not contend that the Purchaser is not a good faith purchaser for present fair equivalent value.