**In re Daniel SANDERS, dba Park Rossini Properties, dba The Sheffield Cottage, dba Sanders Enterprises, Debtor.**

**William F. BLATNICK and Darlyne Blatnick, Trustees of the Blatnick Family Trust; Terry Blatnick and Lisa Mendenhall, Movants,**

**v.**

**Daniel SANDERS, dba Park Rossini Properties, dba The Sheffield Cottage, dba Sanders Enterprises, Karen Lee Sanders; Orva Lewis, Trustee of the Orva Lewis Target Benefit Pension Plan, Respondents.**

Bankruptcy No. 96–02083–B11.

R.S. No. 01451.

United States Bankruptcy Court, S.D. California.

June 28, 1996.

Mark R. Moore, La Jolla, CA, for Debtor.

James W. Beshears, San Diego, CA, for Movants.

## MEMORANDUM DECISION

PETER W. BOWIE, Bankruptcy Judge.

In California, and other jurisdictions which utilize a typical race-notice statutory scheme for recordation and perfection, prepetition foreclosure sales have been avoided when the debtor "won the race to the courthouse" by filing bankruptcy after the sale occurred but before the foreclosure trustee's deed was recorded. *In re Duncombe,* 143 B.R. 243 (Bankr.C.D.Cal.1992). In response to the frustration expressed by lenders and foreclosure trustees, the California legislature in 1993 amended California Civil Code section 2924h to provide in relevant part:

> For the purposes of this subdivision, the trustee's sale ... shall be deemed perfected as of 8 a.m. on the actual date of sale if the trustee's deed is recorded within 15 calendar days after the sale....

The statute was intended to provide relation back of the date and time of recordation if accomplished within 15 calendar days. It is of particular interest that the statute provides for relation back to 8 a.m., which will generally be a time before the trustee's sale actually occurred or became "final upon the acceptance of the last and highest bid...." Cal.Civil Code § 2924h(c).

Daniel Sanders ("Debtor") filed the present bankruptcy petition at 9:06 a.m. on February 15, 1996. The filing occurred less than an hour before the scheduled nonjudicial foreclosure sale on real property owned by the debtor, which had been noticed for 10 a.m. On February 15, 1996 at 1:00 p.m., the nonjudicial foreclosure sale was completed on the subject property. The debtor did not provide notice to the foreclosure trustee or other parties that a bankruptcy petition had been filed. A Trustee's Deed Upon Sale was

recorded on February 16, 1996 at 2:59 p.m. Secured creditors ("Movants") are the holders of a promissory note in the original amount of $125,000. The Movants now seek to uphold the validity of the foreclosure sale at which they obtained title to the property through a credit bid. The Movants argue that the sale should be validated either because perfection relates back to 8:00 a.m. of the morning of the sale or because the Court may annul the automatic stay.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334 and General Order No. 312–D of the United States District Court of the Southern District of California. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

The debtor had previously filed a Chapter 11 proceeding before this Court. On November 14, 1995, that case was converted to one under Chapter 7. The Movants obtained Relief from Stay in that action to foreclose on the subject property by order entered January 17, 1996. The debtor contends that the Chapter 7 trustee submitted no opposition to Movants' Motion for Relief from the Automatic Stay. On January 28, 1996, the Chapter 7 trustee filed a notice of intent to abandon the subject property back to the debtor. On February 14, 1996, the day before the scheduled foreclosure sale, the Court entered debtor's request for a discharge in the Chapter 7 case.

The Movants claim that the promissory note became payable in April 1994, and that debtor did not pay the balance on the note and has not made payments since that time. The Movants further assert that debtor filed his first Chapter 11 petition before a notice of default could be published. They state that they have had to wait over a year to exercise their right to foreclose. The Movants assert that there is no equity over and above liens on the property and that the foreclosure sale should be validated. The Movants argue that the sale can be validated either of two ways. First, the foreclosure sale related back to 8:00 a.m. of the day of the sale pursuant to California Civil Code § 2924h(c). Second, the stay should be annulled pursuant to § 362(d) because the present Chapter 11 was filed in bad faith.

## DISCUSSION

■ As noted, the Movants argue that California Civil Code Section 2924h(c) provides for the relation back of a foreclosure sale to 8:00 a.m. of the date of the sale, as long as it was recorded within fifteen days of the sale. Because the trustee's deed was recorded one day after the sale, operation of section 2924h(c) would perfect the foreclosure sale as of 8:00 a.m., February 15, 1996. Consequently, debtor's interest in the property would have been eliminated prepetition, the property would not have become property of the estate under 11 U.S.C. § 541, and would not be subject to the automatic stay which arose at 9:06 a.m. when debtor filed his current bankruptcy petition.

The Court has already alluded to its curiosity about the legislature's choice in the amendment to provide relation back to 8:00 a.m. on the date of foreclosure, rather than to the moment of foreclosure. If the legislature was intending to address only the *Duncombe* situation, where the foreclosure sale occurred prepetition, but recordation was postpetition, the legislature need only have provided for relation back to the moment the foreclosure sale was "final", as that moment is defined in the statute. Perhaps because of ambiguity about when that moment might actually occur, and the evidentiary issues which might arise in trying to establish it, or for other reasons, the legislature chose to provide relation back to 8 a.m., which gives rise to the dispute presently before the Court.

■ The seminal facts in this case are that not only did the recordation occur postpetition, but the foreclosure sale itself was conducted postpetition, albeit without knowledge of the bankruptcy filing. Under federal law, the foreclosure sale was a void act because it was conducted postpetition, in violation of the automatic stay of 11 U.S.C. § 362.

The Ninth Circuit has clearly stated its position that any violation of the automatic stay is void and without effect. *In re Stringer*, 847 F.2d 549 (9th Cir.1988); *In re Schwartz*, 954 F.2d 569 (9th Cir.1992); *In re Krueger*, 88 B.R. 238, 241 (9th Cir. BAP

1988). Thus, under the Ninth Circuit's view of § 362(a), any prohibited action that takes place after the filing of the bankruptcy is void. If California Civil Code Section 2924h(c) provides for a postpetition action to relate back to before the bankruptcy was filed, it conflicts with federal law and it is pre-empted by the federal bankruptcy law. *Hillsborough County v. Automated Medical Labs,* 471 U.S. 707, 105 S.Ct. 2371, 85 L.Ed.2d 714 (1985); *In re Rega Properties, Ltd.,* 894 F.2d 1136 (9th Cir.1990). Under these circumstances, state law cannot make valid a foreclosure sale conducted in violation of the automatic stay by providing that the void act relates back to a time before it occurred. In this Court's view, § 2924h(c) properly may only be invoked, if at all, where there is a valid foreclosure sale which occurs prepetition. In that situation, the California law facilitates the completion of a valid transfer of property and there may be no bankruptcy interest in preventing the recording of a valid transfer of property. Whether that view is correct, however, is for another day, and a case which presents those facts.

On the facts of this case, the Court holds that the foreclosure sale conducted postpetition is void, and recordation of the trustee's deed a day later cannot resuscitate the void sale by reliance on a state statute that would relate back the act to a time when it would not have been prohibited. Accordingly, relief from the automatic stay on that ground is denied.

■■■■ Movants also seek annulment of the stay on the ground that the instant bankruptcy petition was filed in legal bad faith, which may constitute cause for relief under 11 U.S.C. § 362(d)(1). It is well established that a lack of good faith in the filing of a Chapter 11 is cause to vacate the automatic stay. *In re Little Creek Development Co.,* 779 F.2d 1068, 1071 (5th Cir.1986); *In re Andrews,* 17 B.R. 515, 519 (Bankr.C.D.Cal. 1982). When determining the good faith of a debtor's filing, a court should take into account the totality of the circumstances. *Marsch v. Marsch,* 36 F.3d 825 (9th Cir. 1994); *Downey Savings and Loan Assoc. v. Metz,* 820 F.2d 1495, 1498 (9th Cir.1987). The Ninth Circuit has specifically agreed that finding a lack of good faith depends upon an amalgam of facts and that once such a finding is made it is cause to grant relief from the automatic stay. *In re Arnold,* 806 F.2d 937, 939 (9th Cir.1986). It is also well established that a Bankruptcy Court has the authority to annul the automatic stay. 11 U.S.C. § 362(d). The Ninth Circuit has stated that a court is not prohibited from giving nunc pro tunc effect to an order of annulment. *Algeran, Inc. v. Advance Ross Corp.,* 759 F.2d 1421 (9th Cir.1985). A court may use its discretion to retroactively lift the stay, or annul the stay to validate a postpetition act. *Schwartz,* 954 F.2d at 572. Thus, the Bankruptcy Court has the power to annul the automatic stay to validate actions taken while the stay was in effect that would otherwise be voided by the stay. *In re Jewett,* 146 B.R. 250, 252 (9th Cir. BAP 1992).

■■■■ The debtor's new filing does not, in itself, constitute bad faith. The successive filings of bankruptcy petitions is not per se bad faith. *Downey Savings and Loan Assoc. v. Metz,* 820 F.2d 1495, 1497 (9th Cir.1987). However, the fact of successive filings is evidence that can be considered with the other circumstances to make the bad faith determination. *Id.* While the Code does not prohibit a debtor from filing a Chapter 11 petition subsequent to a discharge under Chapter 7, it does prevent a debtor from receiving another discharge of his debt in the subsequent Chapter 11 proceeding. 11 U.S.C. § 1141(d)(3).

Because the debtor cannot obtain a discharge, a question arises as to whether there is any legitimate purpose to the present filing. Although *Metz* involved a Chapter 13 after a Chapter 7 discharge, it is instructive in the present circumstances of a Chapter 11 after a Chapter 7. *Metz* teaches that a "bona fide change in circumstances" may support a successive filing when coupled with indicia of good faith. In *Metz,* the debtor had demonstrated his good faith "by keeping the payments on his house current" (820 F.2d at 1498) during the Chapter 7. In addition, the debtor had illustrated changed circumstances by an increase in salary. By necessary implication, however, discharge of unsecured debts through the Chapter 7,

330

would not in itself constitute sufficient changed circumstances simply because the debtor could devote more resources to the now targeted debt because of elimination of old debt.

In the present case, debtor had not demonstrated good faith by maintaining current payments on the subject property during the prior case. Debtor made certain payments pursuant to an adequate protection order in the prior Chapter 11, but relief from stay was granted after the case was converted to Chapter 7. In addition, debtor allowed property taxes to accrue unpaid against the property. Further, debtor has not shown a sufficient change in circumstances to support this successive filing, made one day after entry of the Chapter 7 discharge. Lastly, debtor has not shown how there is any realistic prospect of reorganization within a reasonable period of time, particularly in light of debtor's failure to reorganize in their prior Chapter 11. There has been no meaningful showing of how circumstances are different from the representations made by debtor previously, except for the discharge of certain debts in the Chapter 7.

Under all the circumstances of this case, the Court holds that Movants have established that the present case is a bad faith filing as to them sufficient to find cause for relief from the automatic stay under 11 U.S.C. § 362(d)(1). Moreover, because of the history of this case, and the conduct of both debtor and his counsel in not notifying either Movants or the foreclosure trustee of the bankruptcy filing prior to the foreclosure sale, annulment of the stay is warranted.

Accordingly, the automatic stay which arose pursuant to 11 U.S.C. § 362 upon the filing of the instant bankruptcy petition shall be, and hereby is, annulled as to Movants, their heirs, beneficiaries, assignees or transferees for purposes of perfecting title in the subject property and to take all steps permitted by applicable state law to reduce the subject property to their possession.

IT IS SO ORDERED.