In re Brenda Marie BEBENSEE–
WONG, Debtor.

Brenda Marie Bebensee–
Wong, Appellant,

v.

Federal National Mortgage
Association, Appellee.

BAP No. EC–99–1699–RBMa.
Bankruptcy No. 99–30952–C–13.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Argued and Submitted March 23, 2000.

Decided April 25, 2000.

Scott A. CoBen, Scott A. CoBen & Associates, Sacramento, CA, for Brenda Marie Bebensee–Wong.

Glenn Wechsler, Walnut Creek, CA, for Federal National Mortgage Association.

Before: RUSSELL, BRANDT, and MARLAR, Bankruptcy Judges.

OPINION

RUSSELL, Bankruptcy Judge.

The appellant's home was sold at a trustee's sale to the appellee, who recorded the deed after the appellant filed her chapter 13[1] petition, but within a special fifteen-day window provided by state law. The appellee sought relief from the automatic stay to take possession of the property postpetition, alleging that the sale had been perfected prepetition pursuant to state law. The bankruptcy court granted relief. This appeal followed. We AFFIRM.

## I. FACTS

This appeal presents our first opportunity to rule on the application of California Civil Code § 2924h(c), which was amended in 1993 to clarify the status of property sold in a prepetition foreclosure sale where the prior owner later files bankruptcy. The underlying facts of the appeal are undisputed.

On August 4, 1999, the Benicia, California home of the appellant, Brenda Marie Bebensee–Wong, was sold to Federal National Mortgage Association ("Fannie Mae") at a trustee's sale. On August 10, 1999, Fannie Mae served Bebensee–Wong with a thirty-day notice to quit. Six days later, on August 16, 1999, Bebensee–Wong (hereinafter "the debtor") filed her chapter 13 petition.

The debtor failed to vacate the premises, causing Fannie Mae, without notice of the petition, to initiate an unlawful detainer proceeding in state court on August 18, 1999. On this same day, which was fourteen days after the trustee's sale, Fannie Mae recorded the Trustee's Deed Upon Sale. Fannie Mae moved for relief from the automatic stay to take possession of the property. Citing California Civil Code § 2924h(c), Fannie Mae argued that the debtor had no interest in the property because the trustee's sale had been perfected prepetition by virtue of the deed's recordation within fifteen days of the sale. The debtor opposed Fannie Mae's motion, alleging difficulty in obtaining the foreclosure file. At the bankruptcy court's request, both parties filed supplemental briefs regarding the validity of Civil Code § 2924h(c).

A hearing on the motion was held in October 1999. The issue before the court was whether the debtor had an interest in the property, the answer to which turned upon the effectiveness of Civil Code § 2924h(c) in the face of the automatic stay. The court concluded that Civil Code § 2924h(c) was valid and granted Fannie Mae relief from the automatic stay. The court's order granting relief took effect on October 22, 1999. After the debtor timely appealed, the parties stipulated to an order granting the debtor's motion for stay pending appeal.

## II. ISSUE

Whether the bankruptcy court properly granted relief from the automatic stay when the appellee recorded the trustee's deed within the grace period provided by California Civil Code Section § 2924h(c).

## III. STANDARD OF REVIEW

■ We review a bankruptcy court's decision to grant relief from the automatic stay for an abuse of discretion. *See In re Berg*, 198 B.R. 557, 560 (9th Cir. BAP 1996)(citing *In re Jewett*, 146 B.R. 250, 251 (9th Cir. BAP 1992)).

## IV. DISCUSSION

■ The debtor argues on appeal that the bankruptcy court improperly granted Fannie Mae relief from the automatic stay.

---

1. Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330.

In view of California Civil Code § 2924h(c), we disagree.

In California and other jurisdictions that utilize a typical race-notice recording statute, prepetition foreclosure sales have been avoided when the debtor "won the race to the courthouse" by filing bankruptcy after the sale occurred but before the foreclosure trustee's deed was recorded. *See In re Sanders,* 198 B.R. 326, 327 (Bankr.S.D.Cal.1996)(citing *In re Duncombe,* 143 B.R. 243, 245 (Bankr.C.D.Cal. 1992)); *see also In re Williams,* 124 B.R. 311, 315 (Bankr.C.D.Cal.1991). As observed in *Sanders,* the California legislature in 1993 responded to the frustration expressed by lenders and foreclosure trustees by amending California Civil Code § 2924h(c). *See Sanders,* 198 B.R. at 327. As amended, Civil Code § 2924h(c) provides in pertinent part:

> [T]he trustee's sale shall be deemed final upon the acceptance of the last and highest bid, and shall be deemed perfected as of 8 a.m. on the actual date of sale if the trustee's deed is recorded within 15 calendar days after the sale....

Prior to 1993, this section provided only that the trustee's sale was final upon acceptance of the last and highest bid.

One bankruptcy court has aptly expounded on the interaction between Civil Code § 2924h(c) and the Code, stating:

> Pursuant to 11 U.S.C. § 362(b)(3), an act to perfect an interest in property does not violate the automatic stay to the extent that the trustee's rights and powers are subject to such perfection under 11 U.S.C. § 546(b). Section § 546(b) provides that a trustee's right to avoid a transfer pursuant to 11 U.S.C. §§ 544(a) or 549 is subject to any generally applicable law that permits perfection to relate back and to be effective against one who acquires rights in the property before the date of perfection. Pursuant to section 2924h(c), a foreclosure sale purchaser who records its deed within fifteen days of the foreclosure sale will prevail over someone who purchases the real property from the debtor after the foreclosure sale even if that person records its deed first. Therefore, the recordation of a foreclosure sale deed within fifteen days of the sale does not violate the automatic stay and is not avoidable pursuant to 11 U.S.C. §§ 544 or 549.

*In re Stork,* 212 B.R. 970, 971 (Bankr. N.D.Cal.1997).

The debtor attacks the relation-back concept set forth in Civil Code § 2924h(c), calling our attention to the following language in *Sanders:* "If California Civil Code Section 2924h(c) provides for a postpetition action to relate back to before the bankruptcy was filed, it conflicts with federal law and it is pre-empted by the federal bankruptcy law." *Sanders,* 198 B.R. at 329 (citing *Hillsborough County v. Automated Medical Labs.,* 471 U.S. 707, 105 S.Ct. 2371, 85 L.Ed.2d 714 (1985); *In re Rega Properties, Ltd.,* 894 F.2d 1136 (9th Cir.1990)). In *Sanders,* unlike the present case, the foreclosure sale occurred after the debtor filed his petition. *Id.* at 327. Even though the sale deed was recorded within fifteen days of the sale, the court in *Sanders* held that the foreclosure sale conducted postpetition was void. *Id.* at 329. The court stated:

> Under these circumstances, state law cannot make valid a foreclosure sale conducted in violation of the automatic stay by providing that the void act relates back to a time before it occurred. In this Court's view, § 2924h(c) properly may only be invoked, if at all, where there is a valid foreclosure sale which occurs prepetition. In that situation, the California law facilitates the completion of a valid transfer of property and there may be no bankruptcy interest in preventing the recording of a valid transfer of property. Whether that view is correct, however, is for another day, and a case which presents those facts.

*Id.*

Not only does this appeal clearly differ from *Sanders,* but also from *In re Engles,*

193 B.R. 23 (Bankr.S.D.Cal.1996), a case cited by the debtor involving a foreclosure sale followed by a bankruptcy filing. *Engles* is not instructive because the central fact of the case was that no sale deed had been recorded. *See Engles,* 193 B.R. at 25. This was because the foreclosure sale trustee refused to issue one after he learned of the bankruptcy, alleging that it would violate the automatic stay. *Id.* Here, the deed clearly was issued and subsequently recorded by Fannie Mae.

Unlike *Sanders* and *Engles, In re Garner,* 208 B.R. 698 (Bankr.N.D.Cal.1997), mirrors the present case. In *Garner,* a prepetition foreclosure sale was conducted at which property was sold to a third party purchaser. *See Garner,* 208 B.R. at 699. After the debtor filed bankruptcy, a foreclosure sale deed was issued and delivered to the purchaser. *Id.* Six days after the debtor's petition, and seven days after the foreclosure sale, the purchaser recorded the deed. *Id.* The purchaser sought relief from the automatic stay, which the court granted on the basis of Civil Code § 2924h(c). *Id.* at 701.

In the case before us, fourteen days following the trustee's sale, Fannie Mae recorded the Trustee's Deed Upon Sale. Therefore, pursuant to Civil Code § 2924h(c), the trustee's sale became perfected at 8 a.m. on the day of the sale. Because this day was twelve days before the debtor's petition, perfection occurred before the filing, even though Fannie Mae recorded postpetition. Thus, the debtor had no interest in the property at the time of her petition. Therefore, the court did not abuse its discretion in granting Fannie Mae relief from the automatic stay.

## V. CONCLUSION

It is clear that the relation back effect of California Civil Code § 2924h(c) operated to perfect the trustee's sale on the actual date of sale. Because this date preceded

the debtor's petition, relief from the automatic stay was proper. We AFFIRM.