FILED

NOT FOR PUBLICATION

MAY 30 2013

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: | BAP No. SC-12-1604-JuBaPa |
| STEVEN HARRY LUCORE, SR. and JUDY LYNNE LUCORE, | Bk. No. 11-14196 |
| Debtors. | |
| STEVEN HARRY LUCORE, SR.; JUDY LYNNE LUCORE, | |
| Appellants, | |
| v. | **M E M O R A N D U M**[*] |
| US BANK, NA; DAVID L. SKELTON, Chapter 13 Trustee, | |
| Appellees. | |

Argued and Submitted on May 15, 2013
at Pasadena, California

Filed - May 30, 2013

Appeal from the United States Bankruptcy Court
for the Southern District of California

Honorable Peter W. Bowie, Bankruptcy Judge, Presiding
_____

Appearances:    Appellant Steven Harry Lucore, Sr. argued pro se;
Bernard J. Kornberg, Esq., Severson & Werson,
argued for Appellee US Bank, N.A.
_____

Before:  JURY, BASON[**] and PAPPAS, Bankruptcy Judges.

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[**] Hon. Neil W. Bason, United States Bankruptcy Judge for the Central District of California, sitting by designation.

-1-

Chapter 13[1] debtors, Steven Harry Lucore, Sr. and Judy Lynne Lucore, appeal from the bankruptcy court's order denying their motion for reconsideration of an order granting U.S. Bank, N.A. (Bank) relief from the automatic stay. We AFFIRM.

## I. FACTS

**A.   Prepetition Events**

In April 2006 debtors obtained a loan from American Home Mortgage (AHM). The loan was evidenced by a note and secured by a deed of trust (DOT) encumbering their property located on Summit Avenue, Santee, California. The DOT named AHM as the lender, Fidelity National Title Company as the trustee and Mortgage Electronic Registration Systems, Inc. (MERS) as nominee and beneficiary.

At some point debtors defaulted on the loan. On September 1, 2010, a notice of default was recorded.

On November 10, 2010, debtors filed a thirty-seven page complaint against Bank and other parties in the San Diego Superior Court which was based on the wrongful foreclosure of their property. Debtors alleged that they had no "formal" evidence that their mortgage was sold or transferred to Bank. Debtors further alleged that MERS did not have the authority to record a substitution of trustee and assignment of DOT on August 30, 2010. Due to MERS' alleged lack of authority, debtors alleged that Bank was not a beneficiary under the DOT

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. "Rule" references are to the Federal Rules of Bankruptcy Procedure and "Civil Rule" references are to the Federal Rules of Civil Procedure.

with power to declare a default on the loan. Bank filed a demurrer, which was sustained without leave to amend, and judgment entered in its favor.

Debtors appealed the order. Their appeal was dismissed and the order became final.

On August 18, 2011, Bank purchased the property at a trustee's sale held by Recontrust Company, N.A. (Recontrust).

On August 26, 2011, Recontrust prepared and executed a trustee's deed upon sale (Trustee's Deed) memorializing the sale of the property to Bank.

Fifteen days after the trustee's sale, on September 2, 2011, the Trustee's Deed was recorded in the San Diego County's Recorders Office.

**B.  Bankruptcy Events**

On August 25, 2011, debtors filed their chapter 13 petition. Debtors' original plan provided for payments of $1,714.65 per month, with $1,114.65 allocated to AHM and $600 allocated to non-priority unsecured claims. Debtors' plan has not been confirmed.

On July 27, 2012, Bank filed a motion for relief from stay to initiate unlawful detainer proceedings. Debtors opposed the motion on several grounds: (1) no default had occurred because they had been making payments through their chapter 13 plan; (2) Bank was not a real party in interest; and (3) the Trustee's Deed was defective. Bank responded by asserting that the Trustee's Deed was conclusive evidence of its standing to move for relief from stay.

On August 22, 2012, the bankruptcy court heard the matter

-3-

and orally granted Bank's motion at the hearing.

On September 11, 2012, the bankruptcy court entered the order.

On September 4, 2012, prior to the entry of the order, debtors filed a motion for reconsideration (MFR). Debtors again asserted that Bank lacked standing and was not the real party in interest. Debtors continued to allege that all the foreclosure procedures were fundamentally flawed, including a defective notice of default and a defective substitution of trustee and assignment of the deed of trust due to the forging of signatures by a notary.[2]

Bank opposed the motion, asserting that no new issues were raised and that the resolution of the state court proceeding collaterally estopped debtors' arguments as to Bank's standing.

On October 31, 2012, the bankruptcy court heard debtors' MFR and took the matter under submission.

On November 9, 2012, the bankruptcy court issued a five-page order upholding its decision granting the Bank relief from stay and denying debtors' MFR.[3]

On November 19, 2012, debtors filed their notice of appeal.

Thereafter, debtors sought a stay of the order granting Bank relief from stay in the bankruptcy court. The bankruptcy

---

[2] Debtors also asserted that the judge in this matter refuses to recuse himself from these proceedings. From our review of the docket, debtors never brought a separate motion to recuse the bankruptcy judge in the bankruptcy court. We revisit the recusal request in our discussion below.

[3] This order contains the court's written findings and conclusions.

-4-

court denied the motion on November 21, 2012.

On December 7, 2012, debtor filed a motion before this Panel seeking a stay pending appeal. On December 19, 2012, the Panel denied the motion.

## II.  JURISDICTION

The bankruptcy court had jurisdiction over this proceeding under 28 U.S.C. §§ 1334 and 157(b)(2)(G). We have jurisdiction under 28 U.S.C. § 158.[4]

## III.  ISSUES

A.  Whether the bankruptcy court erred in finding that Bank was a real party in interest with standing to prosecute the motion for relief from the automatic stay;

B.  Whether the bankruptcy court abused its discretion in granting Bank relief from the automatic stay;

C.  Whether the bankruptcy court abused its discretion in denying debtor's MFR; and

D.  Whether the bankruptcy judge should be recused.

---

[4] Here, the appeal was taken solely from the order denying reconsideration of the order granting relief from stay. The issues addressed by the parties, however, relate to the appropriateness of the underlying order granting relief from stay. Moreover, in the bankruptcy court's written ruling denying debtors' MFR, the court addressed the merits of the underlying order granting relief from stay. Thus, the court's decision to deny the MFR was inextricably intertwined with the correctness of the original order. Accordingly, we conclude that debtors' limited notice of appeal does not present a jurisdictional bar to our review of the order granting relief from stay. McCarthy v. Mayo, 827 F.2d 1310, 1314 (9th Cir. 1987) (stating that a notice of appeal from the denial of a Civil Rule 60(b) motion extended to underlying judgment where district court incorporated underlying judgment in Civil Rule 60(b) order, appellant's opening brief addressed the propriety of the underlying judgment and the appellee fully briefed the issues).

## IV.  STANDARDS OF REVIEW

Standing is a legal issue that we review de novo.  Loyd v. Paine Webber, Inc., 208 F.3d 755, 758 (9th Cir. 2000); Kronemyer v. Am. Contractors Indem. Co. (In re Kronemyer), 405 B.R. 915, 919 (9th Cir. BAP 2009).

We review an order granting relief from stay for abuse of discretion.  Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal), 450 B.R. 897, 913 (9th Cir. BAP 2011).  We also review a motion for reconsideration of an order for abuse of discretion.  First Ave. W. Bldg., LLC v. James (In re Onecast Media, Inc.), 439 F.3d 558, 561 (9th Cir. 2006).  A bankruptcy court abuses its discretion if it applied the wrong legal standard or its findings were illogical, implausible or without support in the record.  TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

When the issue of recusal has been raised for the first time on appeal, we review for plain error.  United States v. Holland, 501 F.3d 1120, 1122 (9th Cir. 2007); see also United States v. Bosch, 951 F.2d 1546, 1548 (9th Cir. 1991) ("[E]ven assuming that [the defendant] may raise his [28 U.S.C.] section 455 recusal claim for the first time on appeal . . . we would review the district court's failure to recuse himself under the plain error standard.").  Plain error review involves four prongs: (1) there must be an error, (2) "the legal error must be clear or obvious, rather than subject to reasonable dispute," (3) the error "must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the district court proceedings,"

-6-

and (4) if the first three prongs are satisfied, we have the discretion to remedy the error only if it "seriously affects the fairness, integrity or public reputation of the judicial proceedings." Puckett v. United States, 556 U.S. 129, 135 (2009) (internal quotation marks omitted).

## V. DISCUSSION

### A. Standing

The central issue on appeal is whether Bank was the "real party in interest" with standing to seek relief from the automatic stay with respect to debtors' property. Our review on the standing issue is de novo.

Standing is a "threshold question in every federal case, determining the power of the court to entertain the suit." Warth v. Seldin, 422 U.S. 490, 498 (1975). Standing has both constitutional and prudential dimensions. See Edwards v. Wells Fargo Bank, N.A. (In re Edwards), 454 B.R. 100, 103 (9th Cir. BAP 2011). Only prudential standing is at issue in this case. To have prudential standing, "the plaintiff generally must assert his own legal rights and interest, and cannot rest his claim to relief on the legal rights or interests of third parties." Warth, 422 U.S. at 499. In turn, prudential standing implicates the real party in interest requirement under § 362(d)(1) through application of Civil Rule 17.[5] See In re Veal, 450 B.R. at 907.

Under § 362(d)(1), on request of a party in interest,

---

[5] Civil Rule 17 states in part: "An action must be prosecuted in the name of the real party in interest." This rule applies in bankruptcy proceedings through Rules 7017 and 9014(c).

-7-

relief from the stay shall be granted "for cause, including the lack of adequate protection of an interest in property of such party in interest." Because the term "party in interest" is not defined in the Bankruptcy Code, whether a movant has the status of a party in interest under § 362(d) is a fact-dependent matter to be determined on a case-by-case basis, taking the claimed interest and the alleged impact of the stay on that interest into account. Kronemyer v. Am. Contractors Indem. Co. (In re Kronemyer), 405 B.R. 915, 919 (9th Cir. BAP 2009).

Our inquiry into standing and who is a real party in interest in the context of a relief from stay motion does not involve finally deciding a creditor's claim or security. In re Veal, 450 B.R. at 914 (citing Johnson v. Righetti (In re Johnson), 756 F.2d 738, 740–41 (9th Cir. 1985) ("Hearings on relief from stay are thus handled in a summary fashion. The validity of the claim or contract underlying the claim is not litigated during the hearing."). Rather, relief from stay hearings are limited to determining whether "the creditor has a colorable claim to the property of the estate." United States v. Gould (In re Gould), 401 B.R. 415, 425 n.14 (9th Cir. BAP 2009), aff'd, 603 F.3d 1100 (9th Cir. 2010) (citing Biggs v. Stovin (In re Luz Int'l, Ltd.), 219 B.R. 837, 842 (9th Cir. BAP 1998)); In re Edwards, 454 B.R. at 105; In re Veal, 450 B.R. at 914–15.

We have held that a moving party may demonstrate a "colorable claim" by showing that it has some property interest in debtors' property. Thi Ho v. Bank of Am. (In re Ho), 2011 WL 4485895, at *3 (9th Cir. BAP 2011). Therefore, the question

before us is whether the recorded Trustee's Deed shows that Bank had some property interest in debtors' property under California law.

The Panel has previously examined similar standing issues in Bebensee-Wong v. Fed. Nat'l Mortg. Ass'n (In re Bebensee-Wong), 248 B.R. 820, 822-823 (9th Cir. BAP 2000) and In re Edwards, 454 B.R. 100. From these cases, two rules emerge which control the outcome of this case. First, under § 362(b)(3), a trustee's deed executed and recorded postpetition is still valid if recorded within fifteen days of the sale due to the relation-back effect of Cal. Civil Code § 2924h(c).[6] In re Bebensee-Wong, 248 B.R. at 822-823.[7] Second, under applicable California law, a "duly-recorded Trustee's Deed provides that [the bank] is the presumptive current record owner with respect to the Property." In re Edwards, 454 B.R. at 106 (citing In re Salazar, 448 B.R. 814, 819 (Bankr. S.D. Cal. 2011)

---

[6] Cal. Civil Code § 2924h(c) provides in relevant part:

> For the purposes of this subdivision, the trustee's sale shall be deemed final upon the acceptance of the last and highest bid, and shall be deemed perfected as of 8 a.m. on the actual date of sale if the trustee's deed is recorded within 15 calendar days after the sale, or the next business day following the 15th day if the county recorder in which the property is located is closed on the 15th day.

[7] See also In re Gonzalez, 456 B.R. 429 (Bankr. C.D. Cal. 2011). To the extent Gonzalez construes Cal. Civil Code § 2924h(c) differently than Bebensee-Wong, it is a long standing policy of this panel that rulings in published opinions of a panel are binding on subsequent panels. Ball v. Payco-Gen. Am. Credits, Inc. (In re Ball), 185 B.R. 595, 597 (9th Cir. BAP 1995).

-9-

(the bank moving for relief from stay established standing as the title holder of the subject property under a recorded Trustee's Deed upon Sale)).

Here, the sale was held on August 18, 2011, seven days before debtors' petition (filed on August 25, 2011) and the Trustee's Deed was recorded on September 2, 2011, within the fifteen-day period as required under Cal. Civil Code § 2924h(c). Therefore, under our holding in Bebensee-Wong, perfection relates back before debtors' filing, even though Bank recorded postpetition.[8] As a result, under Edwards, the duly-recorded Trustee's Deed provides that Bank is the presumptive current record owner with respect to the Property.

It follows then that Bank had an interest in debtors' property at the time of their petition. In re Bebensee-Wong, 248 B.R. at 823; see also In re Edwards, 454 B.R. at 106 (citing 4 Harry D. Miller and Marvin B. Starr, Cal. Real Estate § 10:208 (3d ed. 2009) (under California law, "[t]he purchaser at the foreclosure sale receives title free and clear of any right, title, or interest of the trustor or any grantee or successor of the trustor.").

As evidence of Bank's lack of standing, debtors point to numerous purported defects in the chain of title culminating in

---

[8] Section 546(b) provides that a trustee may not avoid a postpetition transfer if applicable law allows perfection to relate back to before the petition filing date. Section 362(b)(3) provides that any such act of perfection does not violate the stay.

-10-

Bank's alleged wrongful foreclosure of their property.[9] The alleged defects included, among others, forgery by a notary on some of the documents. Debtors also contend that they have evidence that Fannie Mae and Freddie Mac "were the owners of Appellants' mortgage" and not Bank. However, resolution of these contentions would have required the adjudication of the parties' underlying substantive rights, which was beyond the scope of Bank's relief from stay motion. In re Veal, 450 B.R. at 914. In short, for purposes of the relief from stay motion, debtors' contentions regarding Bank's underlying substantive rights did not undermine or defeat Bank's status as the holder of a colorable claim.[10]

Based on these authorities and the record before us, we conclude that Bank satisfied its threshold burden of showing a colorable claim to an ownership interest in the property. Accordingly, the bankruptcy court correctly found that Bank was a real party in interest with standing to seek relief from the automatic stay.

---

[9] Based on the dismissal of debtors' state court litigation, Bank argues on appeal that collateral estoppel (or issue preclusion) precludes debtors from relitigating the propriety of its foreclosure and thus its standing to seek relief from stay. Bank raised the issue in its opposition to debtors' MFR, but the bankruptcy court's written decision denying debtors' MFR did not mention issue preclusion. In light of our affirmance, we do not discuss this issue for the first time in this appeal.

[10] Indeed, the bankruptcy court stated in its written ruling that in granting Bank relief from stay, it was not addressing debtors' claims of wrongful foreclosure which they may be eligible to assert in a different forum.

-11-

**B.    Relief from Stay:   "Cause"**

On appeal, debtors contend that "cause" did not exist to grant Bank from relief from stay.  In support, debtors cite <u>Benedor Corp. v. Conejo Enter., Inc. (In re Conejo Enter., Inc.)</u>, 96 F.3d 346, 349 (9th Cir. 1996) and <u>Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)</u>, 912 F.2d 1162, 1166 (9th Cir. 1990).  Debtors' reliance on these cases is misplaced.  The "cause" for relief from stay in those cases was related to abstention issues which were factually and legally distinguishable from the "cause" analysis here.

"Cause" for relief from stay exists when a foreclosure sale concludes and the purchaser records the deed in accordance with applicable law because the original trustor or borrower no longer has an interest or right in the subject real property. <u>In re Bebensee-Wong</u>, 248 B.R. at 823.  Accordingly, under these circumstances, when debtors filed their petition, there was no reason not to allow Bank to repossess "because filing a bankruptcy petition after loss of ownership cannot reinstate the debtor[s'] title."  <u>In re Edwards</u>, 454 B.R. at 106.  Instead, debtors are essentially "'squatter[s],' and thus cause for relief from stay is established."  <u>Id.</u>

In sum, Bank acquired title to the property by submitting the prevailing bid at a foreclosure sale and the Trustee's Deed which transferred title was recorded fifteen days later.  Based on these facts and on our review of Bank's rights as a purchaser at a foreclosure sale under California law, we find no abuse of discretion in the bankruptcy court's decision to grant Bank's motion for relief from stay so that it could pursue it rights to

-12-

gain possession of the property.

## C. Debtors' Motion for Reconsideration

Debtors sought reconsideration from the order granting Bank relief from stay pursuant to Civil Rule 60(b)(1) and (d)(3),[11] applicable in contested matters under Rule 9024. Debtors' MFR simply reiterated that all of the foreclosure procedures were fatally flawed, the Trustee's Deed was defective and fatally flawed, and Bank did not have standing to move for relief from stay. However, as noted above, the resolution of debtors' contentions would have required the adjudication of the parties' underlying substantive rights, which was beyond the scope of Bank's relief from stay. In re Veal, 450 B.R. at 914. Further, the bankruptcy court's decision to grant Bank relief from stay was consistent with applicable law and the facts before it.

A bankruptcy court has discretion in deciding whether to reconsider its own orders under Civil Rule 60(b). However, the grounds for granting such relief are not without limits; they are clearly set forth within the rule. Debtors' MFR did not show "mistake, inadvertence, surprise, or excusable neglect" within the meaning of Civil Rule 60(b)(1). Moreover, debtors advanced no grounds that would warrant setting aside the underlying order granting relief from stay to Bank due to fraud on the court under Civil Rule 60(b)(3). Accordingly, we do not see any abuse of discretion in the bankruptcy court's decision

---

[11] Civil Rule 60(b)(1) gives the bankruptcy court discretion "to relieve a party . . . from a final . . . order . . . based on mistake, inadvertence, surprise, or excusable neglect." Civil Rule 60(d)(3) makes clear that the bankruptcy court has the power to "set aside a judgment for fraud on the court."

to deny debtors' MFR.

**D.    Recusal of the Bankruptcy Judge Is Unwarranted**

Debtors imply that the bankruptcy judge should be disqualified because he showed bias toward them throughout this case. Debtors did not file a motion for recusal in the bankruptcy court. However, failure to move for recusal at the trial court level does not preclude raising the issue of recusal on appeal. Holland, 501 F.3d at 1122.

28 U.S.C. § 455 applies to bankruptcy judges. Seidel v. Durkin (In re Goodwin), 194 B.R. 214, 221 (9th Cir. BAP 1996). Under 28 U.S.C. § 455(a), a judge shall disqualify himself or herself in any proceeding in which his or her impartiality might reasonably be questioned. Under subsection (b)(1) of the statute, a judge shall disqualify himself or herself where he or she has a personal bias or prejudice against a party or personal knowledge of disputed evidentiary facts concerning the proceeding.

"Judicial impartiality is presumed." First Interstate Bank of Ariz., N.A. v. Murphy, Weir & Butler, 210 F.3d 983, 987 (9th Cir. 2000). An objective standard is used for judging the appearance of impartiality for purposes of recusal under 28 U.S.C. § 455: "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Seidel, 194 B.R. at 222.

Debtors had the burden on appeal to demonstrate that the bankruptcy court had such a bias against them as to warrant recusal. However, all that is before us are their general conclusory allegations. We have reviewed the transcript and it

-14-

reflects no bias. Reading between the lines, debtors' allegation of bias appear to stem solely from their dissatisfaction with the judge's rulings. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . . Almost invariably, they are proper grounds for appeal, not for recusal." Liteky v. United States, 510 U.S. 540, 555 (1994).

In sum, we find nothing in the record provided that would cause us to question the bankruptcy judge's impartiality or that shows us that he had a personal bias or prejudice against the debtors. Accordingly, there are no grounds for recusal.

**E.    Judicial Notice**

On April 22, 2013, debtors filed a request for judicial notice with the Panel which consisted of numerous documents. None of these documents is relevant to the issues in this appeal. Accordingly, debtors' request for judicial notice is denied. See Santa Monica Food Not Bombs v. City of Santa Monica, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006) (declining to take judicial notice of documents that were not relevant to the resolution of the appeal).

                        **VI.    CONCLUSION**

For the reasons stated, we AFFIRM.

-15-