Filed 10/31/14  Heraux v. JPMorgan Chase Bank CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CLERVIL HERAUX, | |
| Plaintiff and Appellant, | G048737 |
| v. | (Super. Ct. No. 30-2011-00445053) |
| JPMORGAN CHASE BANK, N.A., et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from judgments of the Superior Court of Orange County, Linda S. Marks, Judge.  Affirmed.

Clervil Heraux, in pro. per., for Plaintiff and Appellant.

AlvaradoSmith, S. Christopher Yoo, and Mariel A. Gerlt for Defendant and Respondent JP Morgan Chase Bank, N.A.

Law Offices of David K. Tran and David Khanhhung Tran for Defendant and Respondent Tien Vu.

\*          \*          \*

Defendant JPMorgan Chase Bank, N.A. (Chase) foreclosed on plaintiff Clervil Heraux's residence after Heraux defaulted on his loan. The property was sold to Tien Vu at a trustee's sale. Heraux subsequently brought suit against Chase, Vu, and the trustee on Heraux's deed of trust, California Reconveyance Company (California Reconveyance). The first amended complaint purported to allege seven causes of action against Chase and California Reconveyance. Vu was named in two of the causes of action. The superior court sustained their demurrers to the first amended complaint without leave to amend. Heraux appealed.[1]

Heraux claims the court erred in sustaining the demurrers and in sustaining the demurrers without leave to amend. We affirm.

I

FACTS

Heraux, acting in propria persona, filed a complaint against Chase, California Reconveyance Company, and Vu. The court sustained demurrers to the complaint and granted Heraux leave to amend. Heraux thereafter filed a first amended complaint. According to that complaint, Heraux gave Washington Mutual Bank, FA a deed of trust on his residence in Anaheim (the property) on September 28, 2005, to secure the repayment of a $455,000 loan. California Reconveyance was named as trustee. The complaint alleges Chase subsequently acquired Washington Mutual's beneficial interest in the deed of trust. At the end of March 2009, California Reconveyance Company recorded a notice of default and intent to sell under the deed of trust, stating Heraux was $10,359.29 in arrears as of March 28, 2009.

Heraux alleged he thereafter sought to modify the loan secured by the deed of trust. At the end of May 2009, Heraux received a call from someone at Chase about possibly arranging a loan modification. Heraux alleged his notes from his conversation

---

[1] California Reconveyance Company is not a party to this appeal.

2

with the individual show Chase had a two-step approach to modifications. There was a 90-day trial modification and, if that was successfully completed, it could lead to a loan modification. The representative said it appeared Heraux was preapproved for a three–month deferment from June to August.

Heraux then played phone tag with Chase over the next few months and sent Chase the financial information Chase had requested. In August 2009, another representative of Chase said Chase received Heraux's paperwork and the representative would attempt to negotiate a loan modification or forbearance. In November 2009, Heraux was informed by another person at Chase that his income was too high for him to qualify for President Obama's stimulus plan, but that Chase was "still going to try and work" with him. Heraux made a number of telephone calls to Chase over the next month, and on January 20, 2010, he received a telephone call from the collection department of Chase. Heraux was told Chase needed updated financial information immediately.

On November 22, 2010, California Reconveyance filed a notice of trustee's sale of the property scheduled for December 15, 2010. The notice stated an estimated unpaid balance and charges of approximately $502,501.47. The day before the scheduled sale, an attorney for Heraux faxed California Reconveyance Company a request to postpone the sale. The letter alleged there was funding in place to cure the default on the loan.

Apparently a postponement was granted, because on January 3, 2011, counsel for Heraux again faxed California Reconveyance Company asking the scheduled sale set for the next day again be postponed. This time counsel asserted funding for a new loan was then "being transferred" and the transfer and funding would take approximately 10 to 14 days. No extension was granted and the property was sold to Vu at the trustee's foreclosure sale on January 4, 2011.

On January 28, 2011, Heraux filed his complaint against Chase, California Reconveyance, and Vu. It alleged causes of action to set aside the foreclosure and quiet title, breach of the covenant of good faith, declaratory relief, fraud, reformation, civil conspiracy, and accounting. Vu was named in the first and fifth causes of action (set aside foreclosure and quiet title, respectively). The court sustained demurrers to the complaint with leave to amend. Heraux filed an amended complaint on December 3, 2012. It alleged the same causes of action.

Chase (with California Reconveyance) demurred to the complaint, contending each purported cause of action failed to state facts sufficient to state a cause of action. Vu demurred to the two causes of action in which he was named as a defendant, asserting each failed to allege facts sufficient to state a cause of action and each was uncertain, ambiguous, and unintelligible. The court sustained the demurrers without leave to amend. On May 28, 2013, the court entered judgment against Heraux and in favor of Chase and California Reconveyance, and on July 3, 2013, entered judgment against Heraux and in favor of Vu.

On July 15, 2013, Heraux filed his notice of appeal, stating the appeal was from the court's July 3, 2013 judgment after granting "Defendant's Motion for Summary Judgment." After Heraux filed his opening brief, Chase filed a motion to dismiss the appeal as to it because the judgment against Chase was not named in the notice of appeal. We liberally construed Heraux's propria persona notice of appeal to include the judgment against Chase and found Chase would not be prejudiced by our doing so. At the same time, we granted Chase's request to augment the record on appeal.

II

DISCUSSION

Heraux contends the trial court abused its discretion in sustaining the demurrers without leave to amend and in sustaining the demurrers in the first place. We

4

address these issues in reverse order.  Before addressing those issues, we note Heraux's brief does not comply with California Rules of Court, rule 8.204(a)(1)(c).  For example, the section of the opening brief under the heading alleging Heraux pled sufficient facts to state causes of action for fraud and misrepresentation contains no citations to the record.

A.  *Standard of Review*

A trial court's action sustaining a demurrer presents a pure question of law which we review de novo.  (*Farm Raised Salmon Cases* (2008) 42 Cal.4th 1077, 1089, fn. 10.)  "[W]e treat the demurrer as admitting all material facts properly pleaded, but do not assume the truth of contentions, deductions, or conclusions of law.  [Citations.]" (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865.)  "Where written documents are the foundation of an action and are attached to the complaint and incorporated therein by reference, they become a part of the complaint and may be considered on demurrer.  [Citations.]"  (*City of Pomona v. Superior Court* (2001) 89 Cal.App.4th 793, 800.)  "We may also consider matters that have been judicially noticed. [Citations.]"  (*Committee for Green Foothills v. Santa Clara County Bd. of Supervisors* (2010) 48 Cal.4th 32, 42.)

Additionally, when the court sustains a demurrer without leave to amend, "we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse. [Citation.]"  (*City of Dinuba v. County of Tulare*, *supra*, 41 Cal.4th at p. 865.)  A plaintiff, however, bears the burden of proving the complaint could be amended to cure the defect.  (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)

B.  *The Merits of Heraux's Contentions*

Heraux contends the court abused its discretion in sustaining the demurrer to the first cause of action to set aside the foreclosure and to quiet title.  This cause of action was alleged as to Chase and Vu.  He argues that as the trustee's sale occurred on January 7, 2011,[2] and the transaction was not recorded until February 2, 2011, the sale was not "perfected" within the meaning of Civil Code section 2924h, subdivision (c),[3] and consequently the deed to the purchaser Vu is void.  He cites no authority for this interpretation of subdivision (c) of Civil Code section 2924h and we are not aware of any.

The 15-day time period in which to perfect a trustee's sale provided by Civil Code section 2924h, subdivision (c), has to do with a "race to the courthouse" situation involving a debtor filing a petition in bankruptcy and obtaining an automatic stay prior to the filing of a deed from a trustee's sale.  (*In re Bebensee-Wong v. Fed. Nat'l*

---

[2]  Heraux's complaint alleges the sale occurred on January 4, 2011.

[3]  "In the event the trustee accepts a check drawn by a credit union or a savings and loan association pursuant to this subdivision or a cash equivalent designated in the notice of sale, the trustee may withhold the issuance of the trustee's deed to the successful bidder submitting the check drawn by a state or federal credit union or savings and loan association or the cash equivalent until funds become available to the payee or endorsee as a matter of right.

"For the purposes of this subdivision, the trustee's sale shall be deemed final upon the acceptance of the last and highest bid, and shall be deemed perfected as of 8 a.m. on the actual date of sale if the trustee's deed is recorded within 15 calendar days after the sale, or the next business day following the 15th day if the county recorder in which the property is located is closed on the 15th day.  However, the sale is subject to an automatic rescission for a failure of consideration in the event the funds are not 'available for withdrawal' as defined in Section 12413.1 of the Insurance Code.  The trustee shall send a notice of rescission for a failure of consideration to the last and highest bidder submitting the check or alternative instrument, if the address of the last and highest bidder is known to the trustee.

"If a sale results in an automatic right of rescission for failure of consideration pursuant to this subdivision, the interest of any lienholder shall be reinstated in the same priority as if the previous sale had not occurred."  (Civ. Code, § 2924h, subd. (c).)

*Mortg. Ass'n* (Bankr. 9th Cir. 2000) 248 B.R. 820, 822.) Under Civil Code section 2924h, subdivision (c), a deed from a trustee's sale relates back to 8:00 a.m. on the date of the sale if the deed was recorded within 15 days of the sale. Failure to file the deed within 15 days of the sale does not mean the deed is void. The court did not err in sustaining the demurrers to the first cause of action.

Heraux contends he alleged facts sufficient to overcome a demurrer to his cause of action for fraud, the fourth cause of action. An action for fraud has five elements: "'[1] a misrepresentation . . . ; [2] knowledge of its falsity. . . ; [3] intent to defraud, i.e., to induce reliance; [4] justifiable reliance; and [5] resulting damage.'" (*Lazar v. Superior Court* (1996) 12 Cal.4th 631, 638.) Although he alleges misrepresentations occurred as evidenced by a post-trustee's sale overnight letter seeking information to proceed with a modification (again without citation to the record), he made no allegation of the knowledge of the falsity of the purported misrepresentation, that he justifiably relied on the representation, or that he was damaged by the alleged misrepresentation. After all, the purported misrepresentation he specifically refers to in his opening brief occurred *after* the sale had already taken place. Moreover, the purported misrepresentation appears to have been a mass mailing[4] to individuals in Southern California seeking loan modifications for two "Homeowner Assistance Events" to be held in Los Angeles and Ontario. The court did not err in sustaining the demurrers to the fourth cause of action of the first amended complaint.

Heraux does not state how the court erred in sustaining demurrers to the remaining five causes of action, other than his claim the court failed to comply with Code of Civil Procedure section 472d. Specifically, he asserts the court failed to specify the defects in his first amended complaint.

---

[4] The font used for Heraux's name and address is different from other fonts used in the notice.

Section 472d of the Code of Civil Procedure provides: "Whenever a demurrer in any action or proceeding is sustained, the court shall include in its decision or order a statement of the specific ground or grounds upon which the decision or order is based *which may* be by reference to appropriate pages and paragraphs of the demurrer. [¶] The party against whom a demurrer has been sustained may waive these requirements." (Italics added.) The statute does not require the court to refer in its order sustaining a demurrer to particular paragraphs or pages in the complaint. It merely states the court "may" refer to them. A court does not err by failing to do so. (*Woodbury v. Brown-Dempsey* (2003) 108 Cal.App.4th 421, 433 ["may" generally connotes a permissive, not mandatory act].)

Code of Civil Procedure section 472d "was designed to fit a situation where multiple grounds are set forth in a demurrer. In such case, the court is required to specify the ground or grounds upon which it ruled so that a reviewing court may be apprised as to which grounds were relied upon by the ruling court. [Citations.]" (*Berkeley Police Assn. v. City of Berkeley* (1977) 76 Cal.App.3d 931, 943.) Chase's demurrer, however, stated a single ground: each cause of action failed to allege facts sufficient to state the cause of action. In sustaining Chase's demurrer, the court stated its reason for doing so. "Defendants' general demurrer is well-taken. Plaintiff failed to show otherwise. Indeed, plaintiff has failed to address most of the arguments made by defendants. Plaintiff argues that the Trustee's Deed Upon Sale was not timely recorded—which are beyond the allegations of the FAC. Nowhere does plaintiff explain why the foreclosure sale was improper to begin with. A mere technicality in recording the trustee's sale would not appear to void the sale or permit plaintiff to avoid foreclosure altogether."

The court did not violate the dictate of Code of Civil Procedure 472d. As Chase's demurrer raised only one ground and the court found the demurrer was well-taken, the court necessarily based its decision on that ground. (*Schuetram v. Granada*

*Sanitary Dist.* (1964) 229 Cal.App.2d 25, 31 [contention the court erred in failing to state basis of decision sustaining demurrer was "frivolous" where demurrer raised a single ground].) The court did not violate Code of Civil Procedure section 472d when it sustained Chase's demurrer.

In ruling on Vu's demurrer, the court stated: "Defendant Tien Vu demurs to the 1st and 5th causes of action in the FAC, generally and on the ground of uncertainty. ([Code Civ. Proc.], § 430.10(e) and (f).) [¶] SUSTAIN without leave to amend." Even were we to conclude the court failed to comply with Code of Civil Procedure section 472d here, Heraux could not prevail. He waived any irregularity when he failed to bring the issue to the court's attention. (*Cohen v. Superior Court* (1966) 244 Cal.App.2d 650, 654-655; Code of Civ. Proc., § 472d.) He also has failed to argue, much less demonstrate, prejudice. An error under this statute is reversible only if it is demonstrated to have been prejudicial. (*Wheeler v. County of San Bernardino* (1978) 76 Cal.App.3d 841, 846, fn. 3.)

Lastly, Heraux argues the court erred in sustaining the demurrers without leave to amend. He claims he could amend the complaint to allege promissory estoppel, because he had the right to prevent or delay the foreclosure by filing a chapter 13 bankruptcy. (See *Aceves v. U.S. Bank N.A.* (2011) 192 Cal.App.4th 218 [Aceves was in bankruptcy and gave up a stay of proceedings based on bank's promise to work with her on a modification].) This argument does not benefit him as he does not now claim he gave up the right to file a bankruptcy petition, that bankruptcy was an option for him, or that he ever considered filing a bankruptcy petition. In other words, he has failed to establish "a reasonable possibility that the defect can be cured by amendment." (*City of Dinuba v. County of Tulare*, *supra*, 41 Cal.4th at p. 865.) The court did not err in sustaining the demurrers without leave to amend.

III

DISPOSITION

The judgments are affirmed.  JPMorgan Chase and Vu shall recover their costs on appeal.


MOORE, ACTING P. J.

WE CONCUR:


ARONSON, J.


FYBEL, J.

10